# CHARLESTON.

HOOVER'S ADM'X. *v.* CHESAPEAKE & O. RY. CO.

Submitted January 26, 1899—Decided April 8, 1899.

DEATH BY WRONGFUL ACT—*Statute of Limitations.*
> Under section 5, chapter 103, Code, an action may be maintained within two years after the death of the person whose injury is the primary cause of such action, although such death does not occur within one year from the time of such injury. (p. 272.)

Error to Circuit Court, Summers County.

Action by J. H. Hoover's administratrix against the Chesapeake & Ohio Railway Company. Judgment for defendant, and plaintiff brings error.

*Reversed.*

MILLER & READ, for plaintiff in error.
SIMMS & ENSLOW, for defendant in error.

Dent, President:

In the case of J. H. Hoover's administratrix against the Chesapeake & Ohio Railway Company, from the circuit court of Greenbrier County, being a suit for damages for the negligent killing of plaintiff's intestate, the declaration alleges that the injury occurred on the 30th day of November, 1891, and that death did not ensue until the 5th day of October, 1893, more than a year thereafter. The defendant insists, for this reason, to-wit, that J. H. Hoover, because of the bar of the statute of limitations, not having a cause of action at the time of his death, the plaintiff could not maintain her action on account thereof; in short, that no action can be maintained under section 5, chapter 103, Code, unless death ensue within one year after the negligence charged, or suit be pending at the time of such death. Such section is as follows, to-wit: "Sec. 5. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued shall be liable to an action for damages notwithstanding the death of the person injured and although death shall have been caused under such circumstances as amount in law to murder in the first or second degere or manslaughter."

It is claimed that, the injured having lost his right to sue by reason of the bar of the statute of limitations at the time of his death, the cause of action is thereby destroyed, both as to himself and his administratrix; that death must find him with a cause of action legally enforceable, or she has none. This is undoubtedly true where the cause of action never existed, or is defeated by contributory negligence, or it has been compromised or released; for in such cases there is a complete want of, or destruction by satisfaction of the cause, not merely of the right of action or remedy. *Dibble* v. *Railroad Co.*, 25 Barb. 183; *Whitford* v. *Railroad Co.*, 23 N. Y. 484; *Littlewood* v. *Mayor*, etc., 89 N. Y. 24; *Fowlkes* v. *Railroad Co.*, 5 Baxt. 663. In a certain class of cases the bar of the statute not only takes

away the remedy but destroys the cause of action.    When the liability and the limitation is created by the same statute, the latter operates on the former, or liability, and not on the remedy alone.    *The Harrisburg*, 119 U. S. 199, (7 Sup. Ct. 140).    Generally speaking, however, the statute of limitations acts on the remedy, and takes away the right of action, and, while it prevents relief, it does not destroy the cause of action, or the moral obligation on the negligent party to make good the injury caused by his default or neglect.    A verdict of acquittal in a criminal case may enable a felon to escape lawful punishment, yet it does not restore his innocence, or make restitution for the wrong done.    In personal actions for injury the bar of the statute precludes the remedy, but it does not satisfy the wrong.    A presumption that a guilty party would rely upon the statute of limitations to avoid making satisfaction for an injury done is too violent to justify the inference that the Legislature had in contemplation the bar by limitation of the personal right of action in the enactment of the section under consideration.

The first clause of the section, "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof," plainly relates to the character of the injury, without regard to the question of time of suit or death.    In other words, if the character of injury is such that the injured party could have at any time maintained a suit in relation thereto, his administrator could sue after his death.    His cause of action is the negligent injury, but the administrator can have no cause of action until such negligent injury results in death.    If such were not the case, why not provide merely that the decedent's cause of action survive to his personal representative, without making the death, coupled with the negligence that occasioned it, a new cause of action?    And why not give the damages recovered to his estate, instead of exempting them from his debts and liabilities?    The second clause of the section, "Then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding

the death of the person injured," does not refer to liability after time of the death of the party, but is descriptive of the person made subject to such liability. "Who would have been liable if death had not ensued," means liable at any time prior to the time of death, and not just at that period. By the wording of the section the action is given only on the implied condition that the injured person has not himself received satisfaction for the injury, thus preventing the recovery of two satisfactions for one wrong; for it is given in cases in which the party injured might have sued, but impliedly did not, and against a party who would have been made liable if death had not ensued, but who impliedly was not so made liable. Hence the true reason why the administrator cannot maintain the action where the deceased was guilty of contributory negligence, or received satisfaction or executed a release during his lifetime, is not because of a bar occasioned by the conduct or act of the plaintiff, but because the statute plainly does not give an action in such cases, but only where the deceased might have maintained an action, but failed to do so, against a defendant liable for damages, but who has not satisfied the same.

The statute makes no reference, either impliedly or otherwise, to the bar of the statute of limitations prior to the death of the injured person. His condition, mental or physical, or obstructions by the wrongdoer, might prevent his bringing suit within the year, and yet the fact that he survived for more than a year is claimed to bar the suit of the plaintiff. There is no such provision in the statute. 8 Am. & Eng. Enc. Law (2d Ed.) p. 877. While the real cause of action is the negligent injury, it is not committed until it result in death, and then the action accrues to the administrator, and not until then. To hold otherwise is to make two statutes of limitation, both of which would be bars affecting the cause of action, one beginning to run at the inception of the cause of action, and the other beginning to run at its consummation, so that if the cause of action was not consummated within a year it would be barred by the first, and if consummated within the year it would have double the time to run under the second In the absence of express provision to the contrary, this would be an unreasonable construction of the law. It would be far more

reasonable to apply the old common-law rule of a year and a day, on the presumption, made legally conclusive, that, if the person injured did not die within such limit, the injury received could not be the proximate cause of death, on account of there being so many intervening causes. But this limitation is held not to apply in such cases. *Railroad Co.* v. *Clarke*, 152 U. S. 230, (14 Sup. Ct. 579.) The reasoning in that case is applicable here: "The statute in express words gives the personal representative two years in which to sue. He cannot sue until the cause of action accrues, and the cause of action given by the statute for the exclusive benefit of the widow and children or next of kin cannot accrue until the person injured dies. Until the death of the person the 'new grievance' upon which the action is formed does not exist. To say, therefore, that where the person injured dies one year and two days after being injured no action can be maintained by the personal representative is to go in the face of the statute, which makes no distinction between cases where death occurs within less than a year and a day from the injury and where it does not occur until after the expiration of one year and a day." Justice Harlan's opinion, 152 U. S. 238, (14 Sup. Ct. 580.)

It is possible for learned and able counsel to give the statute a different construction, but the Court adopts what appears to be the more reasonable view, and this is that an action lies, notwithstanding the death of the injured person did not occur until more than a year after the negligence which caused the injury occurred; for which reason the judgment of the circuit court, sustaining the demurrer to the plaintiff's declaration, is reversed and annulled, and this case is remanded to the circuit court to be further proceeded in according to the rules of law.

*Reversed.*