SEABOARD AIR LINE RY. et al. v. ALLEN.

(Circuit Court of Appeals, Second Circuit. December 11, 1911.)

No. 88.

DEATH (§ 39*)—NEGLIGENT DEATH—LIMITATIONS.

> Under Code Ala. 1907, § 2486, which authorizes a personal representative to sue within two years from decedent's death, for negligent death, if decedent could have sued for the injury, had it not caused death, and under sections 4832, 4840, which require actions for personal injury, not otherwise provided for, to be brought within one year after accrual of the cause of action, an executor cannot maintain a suit for death resulting from an injury four years after the accident; decedent's right to sue for the injury having been barred by limitations before his death.

> [Ed. Note.—For other cases, see Death, Dec. Dig. § 39.*]

In Error to the Circuit Court of the United States for the Eastern District of New York.

Action by Charles F. Allen, executor, against the Seaboard Air Line Railway and another. Judgment for plaintiff, and defendants bring error. Reversed.

This cause comes here upon appeal from a judgment entered upon the verdict of a jury in favor of defendant in error, who was plaintiff below.

Byrne & Cutcheon (James Byrne, Wm. R. Begg, and Harrison Tweed, of counsel), for plaintiffs in error.

Ferdinand E. M. Bullowa (Emilie M. Bullowa and Ralph James M. Bullowa, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. On November 17, 1904, John Scott was riding on one of defendant's trains, then running in the state of Alabama. He was sitting on a chair before the open rear door of the car, looking through the doorway upon the track as the train passed over it, in order to note its condition. A collision occurred, and he was thrown back violently upon the floor of the aisle about 15 feet from where he was sitting. He received injuries and died August 11, 1908. Plaintiff contended, and the jury found, that the ulcer of the stomach, which was the immediate cause of death, resulted from the blow he received when thrown to the floor. This action was begun July 29, 1910.

The action is brought on section 2486 of the Civil Code of Alabama (volume 2 of 1907), a re-enactment of a statute known as an "Act to prevent homicides." It reads:

"Action for Wrongful Act, Omission or Negligence Causing Death.—A personal representative may maintain an action and recover such damages as

---

the jury may assess, for the wrongful act, omission or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission or negligence, if it had not caused death; such action shall not abate by the death of the defendant, but may be revived against his personal representatives; and may be maintained, though there has not been prosecution, or conviction or acquittal of the defendant for the wrongful act, or omission, or negligence; and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions. Such action must be brought within two years from and after the death of the testator or intestate."

The first contention of defendant (properly raised by various exceptions) is that the action cannot be maintained because of the lapse of time. It was brought within two years after the death of Scott; but Scott brought no action to recover his personal damages during his lifetime, which continued more than three years after the accident. The statutes of Alabama provide that civil "actions for any injury to the person * * * of another (not elsewhere specially enumerated) must be commenced within one year after the cause of action has accrued." Code Ala. §§ 4832, 4840. Had Scott, at any time after November 17, 1905, brought an action to recover for personal injuries caused by this accident, defendant could have defeated his claim by pleading that the action was not brought within a year after the cause of action accrued. It is argued that, as decedent could not at the time he died have maintained action for defendant's alleged negligence, no cause of action for his death passed by the statute, upon the happening of that event, to his personal representatives.

Much has been said in argument about the circumstance that this statute, which gives to the personal representative of the deceased a cause of action which he would not have had at common law, prescribes its own period of limitation. That is not the real point. It is nowhere suggested that this plaintiff waited too long before suing, nor is it contended that, had Scott died one day before the year within which he could bring suit on his cause of action had expired, the present plaintiff could not have brought suit at any time within two years thereafter, substantially three years after the accident. The real question is: What construction is to be put on the words "if the testator or intestate could have maintained an action for such wrongful act"? Is this ability to maintain an action to be considered, as the words would seem to indicate, as an ability so to do at the time when the statutory cause of action arises, viz., at the moment of death? Or is it sufficient, as plaintiff contends, that at some time or other prior to that day deceased could have maintained his action?

It cannot properly be said that a man is able to "maintain" an action unless he is able to prevail over all defenses which may be interposed to it. Is the word "maintain," in this statute, to be given a restricted meaning, so that "ability to maintain" may be found, although the person sued had a perfectly good defense to the action?

Since the words we are construing are contained in an Alabama statute, we may first turn to the decisions of the court of last resort in that state. In Suell v. Derricott, 161 Ala. 259, 49 South. 895, 23

L. R. A. (N. S.) 996, this statute was considered. The court held that it was punitive in its nature, and not compensatory; that it was clearly intended to remedy a defect of the common law, that the right of action based on a tort or injury to the person died with the person; and that it was evidently in a large degree modeled on the act of Parliament, known as "Lord Campbell's Act," passed in 1846. The court adds:

"It must be observed that the right of action is only given under this statute to the personal representative when the intestate could have maintained an action for the same act had it failed to produce death. A corollary of this is that, if the wrongful act complained of had not produced death, but only an injury, and the person injured could not have maintained an action then the personal representative cannot maintain an action under the statute when death results. It would therefore seem to follow that all defenses available to the defendant, if the action had been brought by the person injured when death did not result, are available to the defendant in an action brought ·by the administrator of the person injured for the wrongful death."

In that case the particular defense was that the killing was in self-defense. Other cases referred to in the briefs are as follows: In Buckalew v. Tenn. Coal & Iron Co., 112 Ala. 146, 20 South. 606, the deceased was killed instantly, and the statutory action was brought within two years. The same is true of Louisville & Nashville R. R. v. Robinson, 141 Ala. 325, 37 South. 431. In both of these cases the person, if not killed, could have maintained an action for the injury,. to which action defendant could have interposed no effective defense. In Railroad Co. v. Sullivan, 59 Ala. 272, the injury was to a married woman. During her lifetime her husband executed a general release to the defendant in his own name. It was contended that the wife, if living, could not have maintained an action in her own name, without joining her husband as coplaintiff, and that, therefore, her personal representative could not sue. The court held that the language of the act was intended to declare the character of act or omission which would sustain the action, not the person by whom it could be maintained. The court calls attention to the circumstance that the statute declares that the amount recovered shall be distributed as personal property of an intestate is distributed, thus treating it as if it were her individual property. After referring to the rule of the common law that a suit for an injury to a wife must be prosecuted in the joint names of husband and wife, because the damages when recovered would belong to the husband, the court adds:

"Not so under [our] married woman's law. 'All property of the wife held by her previous to the marriage, or which she may become entitled to after the marriage in any manner, is the property of the wife.' Code of Alabama, § 2705. This was the law of this state when the 'Act to prevent homicides' was passed."

It would seem from these remarks that deceased might have sued in her lifetime without joining her husband, and that his release constituted no defense, since he had nothing to release.

In Louisville & Nashville R. R. v. Orr, 91 Ala. 548, 8 South. 360, the accident happened May 4th, and suit for the death, under employer's liability statute, referred to infra was begun May 24th. The case throws no light on the question raised here. It decides merely that

neither exemplary nor vindictive damages are recoverable under that statute. In Kennedy v. Davis, 55 South. 104 (Alabama Sup. Ct.), the only question raised was whether a settlement and release by the sole heir and distributee of deceased can be availed of in defense of a suit by the administrator.

This employer's liability act was again considered by the Supreme Court of Alabama in Williams v. Alabama Great Southern Railway Co., 158 Ala. 396, 48 South. 485. It is embodied in the Code of 1896 and reads as follows:

"Sec. 1749. Liability of Master or Employer to Servant or Employé for Injuries.—When a personal injury is received by a servant or employé in the service or business of the master or employer, the master or employer is liable to answer in damages to such servant or employé, as if he were a stranger, and not engaged in such service or employment, in the cases following.
* * *

"Sec. 1750. Damages Exempt.—Damages recovered by the servant or employé, of and from the master or employer, are not subject to the payment of debts, or any legal liabilities incurred by him.

"Sec. 1751. Personal Representative may Sue, if Injury Results in Death.—If such injury results in the death of the servant or employé, his personal representative is entitled to maintain an action therefor, and the damages recovered are not subject to the payment of debts or liabilities, but shall be distributed according to the statute of distributions."

This statute, like the "homicide act," creates a new cause of action, wholly unknown to the common law, in favor of the personal representative of a deceased. In that respect both statutes are alike. In the homicide act the limitation of the time within which the personal representative must bring suit is prescribed in the statute itself; in the employer's liability act there is no such provision, the limitation (one year) being found in the general statutes. It is not perceived that this circumstance is at all important. The limitation is one definitely prescribed by statute in each case. The employer's liability act does not contain the phrase found in the other that the action by the representative can be maintained only if deceased could have maintained an action for the wrongful act, if it had not caused death. But, as we shall see, the Supreme Court of Alabama found in the scheme of the act an indication of intent as efficient as would have been the incorporation of such clause. It is manifest that the two pieces of legislation—at least so far as relates to the death—are of the same sort, and it would seem that what the courts of Alabama might hold as to the one they might be expected to hold as to the other—except, of course, touching those parts of the statutes which are not in accord, such as the measure of damages, which is compensatory in the one case and exemplary in the other.

In the Williams Case action was brought by the administrator of a deceased flagman to recover damages of the defendant railroad for negligently inflicting a personal injury upon him which resulted in his death. The injury occurred July 15, 1901, the intestate died September 1, 1903, letters of administration were granted June 21, 1904, and action begun October 4, 1904. A statute in force at the time, and still in force (Code of 1907, § 4854), provided that the time between death and the grant of letters testamentary or of administra-

tion, not exceeding six months, is not to be taken as part of the time limited for the commencement of actions by or against his executors or administrators. The action by the representative of Williams was therefore brought in time. Williams commenced no action in his lifetime to recover for personal injuries, and therefore before he died the statute of limitations had completed the bar in so far as his right of action was concerned. Referring to the statute, the court says that in its view "the right to be enforced is not an original one springing into existence from the death of the intestate, but is one having a previous existence, with the incident of survivorship, derived from the statute itself." The provision in the "homicide act," making the maintenance of the one action dependent on the maintenance of the other, establishes precisely the same relation between the two causes of action that the employer's liability act created. Upon the single question which was presented in the Williams Case, the Supreme Court of Alabama delivered itself as follows:

"The insistence of the appellant (the plaintiff) is founded on the idea that the cause of suit by the administrator is the death of his intestate, and not the negligence of the defendant in causing the injury which finally resulted in the death of the intestate. This theory would lead to anomalous, if not incongruous, consequences. The injured party might live quite a number of years, and his right of action would be barred in his lifetime; and yet, after his death, should his administrator bring suit (as was here actually done), he could recover, provided actionable negligence be shown and proof be made that the death resulted from the injury. We think the very language of the statute repels the theory of the plaintiff. * * * It may be true that the action is, in a sense, a new one, in the interest of the distributees of the estate of the intestate. It is the creature of the statute. At the common law no such action could be maintained, and in that respect it is new. It originated for the benefit of the distributees of the intestate, at his death, and is for damages that for him did not exist.

"But the measure of the administrator's right to have the employer declared responsible towards him is to be ascertained by the rights the deceased himself had against the employer. And it seems to us the correct construction of the statute to say that there is attached to the administrator's right of action the implied statutory condition that, at the time of the employé's death he had a right of action which could be enforced. If his right was then gone, or if his right was then barred, the administrator has no claim. The statute extends the remedy to the administrator, but does not revive the defendant's liability if it had been extinguished. It simply gives him the right to avail himself of the right of action the deceased had at his death, and it is given for the same wrongful act or neglect. That is the essential foundation of the action in either case. The wrong to be redressed is the same in both cases."

The court cited Canadian Pacific R. Co. v. Robinson, 19 Canada Sup. Ct. Rep. 292, and the same case in the House of Lords, L. R. 17 App. Cases (1892) 481, also Fowlks v. N. & D. Ry. Co., 5 Baxt. (Tenn.) 663, Read v. Great Eastern R. Co., 9 B. & S. 714, Haigh v. Royal Mail Steam Packet Co., 52 L. J. Q. B. 640, Dibble v. New York, 25 Barb. (N. Y.) 183, and Littlewood v. Mayor, 89 N. Y. 24, 42 Am. Rep. 271.

These expressions of the opinion of the Alabama court seem entirely applicable to the clause now under consideration. We see no reason to differentiate between the statutes upon any theory that damages in the one are compensatory and in the other punitive.

There is no question of damages here, merely of the effect of the proviso. If it were held, as plaintiff contends, that we are to take into consideration only the original negligence and the subsequent death, then none of the defenses which might have prevailed against an action by the deceased brought before his death can be set up to defeat this action. Recovery of judgment for the same cause of action, and collection of such judgment by execution, accord and satisfaction, or settlement and release, would be no defense. He endeavors to avoid this result by suggesting that payment for the personal injuries might be availed of as a defense on some ground of public policy, that one should not be paid twice for the same thing. But statutes of limitations are passed by Legislatures, because they believe that public policy requires a termination of litigation, sometimes sooner, sometimes later. Moreover, as the plaintiff seeks to construe this statute, payment for the injuries and payment for the death would not really be payment for the same thing. The one would be a compensation to the injured person for pain and suffering and actual loss; the other would be a fine imposed by the state for the commission of a homicide, its amount to be fixed by the extent of the negligence, not the extent of damage done. As thus construed, payment and release would be no defense.

The plaintiff cites one case, Hoover v. Railway Co., 46 W. Va. 268, 33 S. E. 224, which sustains his contention; but we think that in view of the decisions of the Alabama courts this statute must be construed to make available against the administrator's action all the defenses which could have been availed of against the injured party had he brought suit just before his death. Reference may also be had to the following authorities cited by defendant: Hecht v. Railway Co., 132 Ind. 507, 32 N. E. 302; Williams v. Mersey Docks, L. R. (1905) 1 K. B. 804; Solor Refining Co. v. Elliott's Administratrix, 15 Ohio Cir. Ct. R. 581; Louisville, E. & St. Louis Ry. v. Clark, 152 U. S. 230, 14 Sup. Ct. 579, 38 L. Ed. 422; Thompson v. Ft. Worth Ry., 97 Tex. 590, 80 S. W. 990.

The judgment is reversed.