# 𝔖taunton

## Laura M. Street, Administratrix of the Estate of Noah Street, Deceased v. Consumers Mining Corporation, A Corporation.

September 11, 1946.

Record No. 3072.

Present, All the Justices.

The opinion states the case.

*S. H. & George C. Sutherland,* for the plaintiff in error.

*Bowen & Gillespie* and *Crockett & Tutwiler,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This is an action of trespass on the case against the Consumers Mining Corporation for negligently causing the death of Noah Street, instituted by the personal representative of Noah Street for the benefit of decedent's widow. The declaration alleged that Street was employed in the mine of the defendant to drill rock by means of compressed air drills; that in performing this work large quantities of silica rock dust filled the air, which Street inhaled from day to day, gradually causing him to contract the disease of silicosis from which he died; and that the defendant was negligent in not providing Street a suitable place in which to work, in not warning him of the danger of inhaling said dust, and in not furnishing him with proper equipment and appliances necessary to protect him from inhaling dust. The defendant pleaded not guilty and filed a plea of limitation that the cause of action alleged did not accrue to the plaintiff at any time within one year next before the commencement of the action. The jury, after hearing the evidence and instructions of the court, found for the defendant.

There are several assignments of error; but the principal question for our determination is whether or not a personal representative may bring an action under the "Death by Wrongful Act" statutes of Virginia for the benefit of a beneficiary thereunder where the right of the injured party to bring an action to recover damages for his injuries has been barred at the time of his death. The instruction of the trial court which raises that question reads as follows:

"The court instructs the jury that if any act or omission of the defendant caused or contributed to causing Noah Street to contract silicosis, and such act or omission occurred and was completed and had ended so far as Noah Street was concerned prior to October 19, 1941, that is, prior to one year before the death of Noah Street, then this action is barred by limitation and your verdict should be for the defendant."

We need consider only the evidence upon which the instruction is based.

Noah Street became an employee of the Consumers Mining Corporation in 1935. He worked in its mine both as a driller and as a pump operator until September, 1936, when he requested to be taken off the drill, saying he thought that work was harmful to him. His request was granted. Thereafter, until November 18, 1941, he worked as a pump operator, as a repairman, and in some other line of work, but at no time as a driller. It is not alleged in the declaration nor shown by the evidence that his subsequent employment exposed him to rock dust, or caused, or aggravated, any diseased condition from which he suffered.

X-ray films of the chest of Street were taken in August and October, 1940. These films and his physical symptoms disclosed, in the opinion of medical experts, a definite picture of silicosis. Street's physician told him in August, 1940, that he had rock dust in his lungs. In the opinion of that physician, Street had been suffering from silicosis from 10 to 15 years. There was, however, no definite evidence to show at what time silicosis was contracted.

The negligent acts charged against the defendant, if committed, were completed and ended before September, 1936, when Street ceased work as a driller. Prior to his employment with the defendant, Street had worked from 1928 as a driller in the same mine for several former owners.

Noah Street died October 18, 1942. No action was brought by him during his life for any alleged injuries

occasioned him by the defendant. This action was instituted by the administratrix of his estate on September 5, 1944.*

The right of Noah Street to bring an action for his alleged injuries accrued when the wrong was done to him and not at the time of the damage. The foundation of his right was the alleged wrong. *Richmond* v. *James*, 170 Va. 553, 567, 197 S. E. 416, 116 A. L. R. 967. Under Virginia Code, 1942 (Michie), section 5818, that right expired at the expiration of one year next after the right to bring the same had accrued.

The rule that the statute of limitations begins to run from the time of the commission of the wrongful or negligent act is well stated in 17 R. C. L. 764:

"Therefore, as a general rule, where an injury, though slight, is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy therefor the statute of limitations attaches at once. It is not material that all the damages resulting from the act should have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. The act itself is regarded as the ground of the action and is not legally severable from its consequence. The statute then begins to run, and not from the time of the damage or discovery of the injury."

See also, 34 Am. Jur., Limitation of Actions, section 160 *et seq.*

In *Scott* v. *Rinehart, etc., Co.*, 116 W. Va. 319, 180 S. E. 276, a silicosis case based upon grounds of negligence similar to those of this case, it is said in the syllabus by the court:

"A cause of action under Code 1931, 55-2-12 (a statute of limitations), arises when the wrong is inflicted. Mere ignorance of the injured person of the actionable wrong does not suspend the operation of the statute."

In discussing the application of a statute of limitations, that court further said:

"The period within which actions of this character must

---

*A former action by the administratrix, instituted within one year of the decedent's death, was dismissed August 24, 1944, without a determination on its merits. Code, section 5826.

be brought is 'one year next after the right to bring the same shall have accrued, and not after.' Code, 1931, 55-2-12. *Curry* v. *Mannington*, 23 W. Va. 14; *Kuhn* v. *Brownfield*, 34 W. Va. 252, 12 S. E. 519, 11 L. R. A. 700. This statute has come to us from the mother state, being in the Revised Code of Virginia of 1819, chapter 128, section 4, and the Virginia Codes of 1849 and 1860, chapter 149, sec. 11. The language of the statute has varied slightly since 1819, but not its meaning. Both the Virginia and the West Virginia courts of last resort have consistently held that the right of action accrues when the wrong is committed, and in the absence of some act of concealment by the wrongdoer, the mere ignorance of the injured party of the actionable wrong will not suspend the statute. (Cases cited). * * *

"This construction has been specifically applied in silicosis cases, the Supreme Court of New York holding: 'Cause of action for injuries arises when they are first inflicted, and subsequent development of disease resulting therefrom does not give rise to cause of action.' *Wiersycki* v. *Pratt, etc., Co.* (1934), 151 Misc. 207, 271 N. Y. S. 36. Accord: *Michalek* v. *United States Gypsum Co.* (C. C. A. 1935), 76 F. (2d) 115."

In *Felli* v. *United States Gypsum Co.*, 244 App. Div. 606, 280 N. Y. S. 836, a silicosis case, the court held that if the act of the defendant was wrongful, its liability became fixed when the act was committed.

An action to recover damages for "wrongful death" was unknown at common law. The common law rule prevailed in Virginia until 1871 (Acts 1870-71, page 27), when a right of recovery was given to the personal representative of the decedent. Virginia Code, 1887, sections 2902-3-4-5-6. The Virginia Act substantially embodied the provisions of the English statute known as "Lord Campbell's Act," which was passed in 1846.

The pertinent and applicable provisions of our present statutes are set out in Virginia Code, 1942 (Michie), sections 5786, 5787, 5788, 5789, and 5790.

Section 5786: "Whenever the death of a person shall be

caused by the wrongful act, neglect, or default of any person or corporation * * * , and the act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action, * * * and to recover damages in respect thereof, then, and in every such case the person who, or corporation * * * which, would have been liable, if death had not ensued, shall be liable to an action for damages, * * * notwithstanding the death of the person injured, * * * . And any right of action which may hereafter accrue by reason of such injury done to the person of another shall survive the death of the wrongdoer, and may be enforced against his executor or administrator, either by reviving against such personal representative a suit which may have been brought against the wrongdoer himself in his lifetime, or by bringing an original suit against his personal representative after his death, * * * .

"Every action under this section shall be brought within one year after the death of the injured party, notwithstanding the provisions of section fifty-eight hundred and eighteen (Code, 1887, section 2902; 1926, page 859; 1942, chapter 119)."

Section 5787: "Every such action shall be brought by it in the name of the personal representative of such deceased person and within one year after his or her death, * * * ."

Section 5788 provides to whom amount recovered shall be paid.

Section 5789 provides how claim to damages under section 5786 may be compromised, and amount received distributed.

Section 5790: "The right of action under sections fifty-seven hundred and eighty-six and fifty-seven hundred and eighty-seven, shall not determine, nor the action, when brought, abate by the death of the defendant, or the dissolution of the corporation when a corporation is the defendant; and, where an action is brought by a person injured for damages caused by the wrongful act, neglect or default of any person or corporation, and the person injured dies pending the action, the action shall not abate by

reason of his death, but, his death being suggested, it may be revived in the name of his personal representative. If the death resulted from the injury, the declaration and other pleadings shall be amended so as to conform to an action under sections fifty-seven hundred and eighty-six and fifty-seven hundred and eighty-seven, and the case proceeded with as if the action had been brought under the said sections. But in such cases there shall be but one recovery for the same injury * * * ."

This section also contains the identical provision set out in the second sentence of section 5786, as to the survival of actions upon the death of the wrongdoer.

Section 5786, originally section 2902, Code 1887, has been twice amended. In 1926 (Acts 1926, page 859) the amendment added the last sentence of the first paragraph as to survival of actions and also a second paragraph as follows:

"Every action under this section shall be brought within one year next after the right to bring same shall have accrued, notwithstanding the provisions of section fifty-eight hundred and eighteen."

In 1942, the second paragraph was amended to read as it now appears, limiting "Every action under this section" to "one year after the death of the injured party."

This last amendment made the provision of section 5786 consistent with the time limitation of section 5787.

There are two lines of authority as to the point of time which marks the commencement of a statute limiting the right of action for death by wrongful act. The decisions are hopelessly conflicting due to the difference in the statutory conditions under which they were rendered and the factual situations under which the particular statutes applied. 16 Am. Jur., Death, section 175.

It is the contention of the appellant that no right of action accrued under section 5786 until the death of Street, and that the action of his personal representative is not a continuation, survival, or revival of decedent's cause of action, but a new and independent cause of action, in which neither the measure of the damages nor the beneficiaries are the

same as in an action brought by the decedent, and that the statute allows such new action to be brought within one year after the death of the injured person.

This contention is not without support from cases in other jurisdictions, the decisions being based on various grounds. *Hoover* v. *Chesapeake, etc., Ry. Co.*, 46 W. Va. 268, 33 S. E. 224, and other authorities are cited. *Louisville, etc., R. Co.* v. *Clarke*, 152 U. S. 230, 14 S. Ct. 579, 38 L. Ed. 422, is relied on in the *Hoover Case*, but the court's construction of the decision in that case is contrary to a long line of decisions of the United States Supreme Court of which *Flynn* v. *New York, etc., R. Co.* (1931), 283 U. S. 53, 51 S. Ct. 357, 75 L. Ed. 837, 72 A. L. R. 1311, is one of the latest.

The West Virginia case has been expressly disapproved in *Seaboard Air Line Railway* v. *Allen*, 192 F. 480, and *Kelliher* v. *New York Cent., etc., R. Co.*, 212 N. Y. 207, 105 N. E. 824, L. R. A. 1915E, 1178.

In Virginia we have expressed the same views as those of the English courts, the Supreme Court of the United States and many other courts of this country. We have definitely held in *Brammer* v. *Norfolk, etc., Ry. Co.*, 107 Va. 206, 57 S. E. 593, and *Virginia Elec., etc., Co.* v. *Decatur*, 173 Va. 153, 3 S. E. (2d) 172, 4 S. E. (2d) 294, that our statutes create no new cause of action; but simply continue, transmit, or substitute the right to sue which the decedent had until his death, the effect of which is to permit the personal representative to pick up the abated right of the deceased and prosecute it for the benefit of decedent's beneficiary. This is based on the provision in our statutes which allows a right of action only if the deceased could have maintained an action for the same wrongful act, "if death had not ensued," and upon the peculiar language of sections 5786 and 5790 relating to the survival and revival of actions against the wrongdoer, in the event of the death of either the injured person or the wrongdoer.

In *Brammer* v. *Norfolk, etc., Ry. Co.*, *supra*, it appeared that Brammer sued his employer for injury to his person and

property, but died pending that action. The action was revived after his death under Code, section 5790, in the name of the administrator, and a final adjudication was rendered adverse to the plaintiff. Before that final adjudication, the administrator brought another action against the employer for personal injuries to Brammer resulting in his death, on behalf of the widow and children of the deceased. In the latter action, the trial court sustained a plea of *res adjudicata.* In affirming the judgment, this court had this to say:

"Where the action brought by the injured party in his lifetime is revived, in the name of his administrator, after his death, or the action is brought under the statute after his death, the issue in either case is the same, the right of recovery resting upon the same state of facts, namely, the injuries resulting in death being caused by the wrongful act, neglect or default of the defendant. The plain meaning and intent of the statute, construing the sections which have been referred to together, as appears to us is to preserve a right of action, which, theretofore, would have been lost, where the injured party died after or before he had brought an action to recover damages for the wrongful act, neglect or default of another person or corporation, etc.

\* \* \*

"In our view of the statute we are considering, but one action can be maintained to recover damages for injury to a person caused by the wrongful act, neglect or default of another person or corporation, as there is but one cause of action in such a case; and whether that action be brought by the injured party in his lifetime and revived after his death, during the pendency of the action, in the name of his personal representative, or a new action be brought within the statutory period, as provided in the statute, but one recovery can be had, \* \* \* ."

In *Virginia Elec., etc., Co.* v. *Decatur, supra,* the above case and other Virginia cases were reviewed and distinguished.

In approving the above holding, Chief Justice Campbell said:

"Under this construction there is but one logical

conclusion to be drawn, and that is, that the cause of action of the injured party, while alive, is the same cause of action that passes to the personal representative. It is thus seen that the right of the personal representative to recover for the death of his decedent stands upon no higher ground than that occupied by the injured party while living."

The cause of action contemplated by our statute is not the death itself, but the tort which produces the death, and this is the same cause of action for decedent's injuries, and, as such, subject to its infirmities as an actionable cause.

The following authorities are among those which support the views we have expressed.

In *Williams* v. *Mersey Docks, etc., Board* (1905), 74 K. B. (Eng.), page 481, it is said:

"The English rule is well settled that where the Statute of Limitations has run against the action of the injured person at the time of his death the right of action given to his personal representative by the Lord Campbell's Act may not be maintained."

Again, in *Marks* v. *Portsmouth Corp.* (1937), 157 L. T. R. N. S. (Eng.) 261, this conclusion was reached:

"Lord Campbell's Act gives a direct right of action to the dependents—no doubt a new statutory right. But it is essential to that right that the act, neglect or refault shall be such as would have entitled the party injured to maintain an action and recover damages in respect thereof. It is material to see if the deceased could have maintained an action. That issue is the same whether he dies or not."

In the State of New York, which has a statute almost identical with ours, the court, denying the right of recovery to a personal representative, where her decedent was injured in November, 1906, and died as a result thereof in February, 1912, said in *Kelliher* v. *New York Cent., etc., R. Co., supra:*

"It is to be noted, however, that the right of action provided for in section 1902 is qualified by the condition that the representative action may be brought only where a natural person who, or the corporation which, 'would have

been liable to an action in favor of the decedent by reason thereof if death had not ensued.' We think the framers of the section considered that no action should be maintainable under it unless the decedent, at the time of his death, could have maintained an action."

\* \* \*

"In the case at bar the decedent allowed the three years to expire within which he was permitted to commence an action. His subsequent death could not revive the cause of action based upon his injuries in favor of his representative. By the express language of the statute the wrongdoer is liable to the representative only in a case where he would have been liable to the decedent had death not ensued."

To the same effect, see *Williams* v. *Alabama Great Southern Ry. Co.*, 158 Ala. 396, 48 So. 485, and *Seaboard Air Line Railway* v. *Allen, supra.*

In *Flynn* v. *New York, etc., R. Co., supra,* the question was whether an action by the personal representative of Flynn, who was injured December 4, 1923, and died September 1, 1928, could be maintained, since it was barred at the time of Fynn's death. Affirming a judgment of the Supreme Court of Errors of the State of Connecticut, *Flynn* v. *New York, etc., R. Co.,* 111 Conn. 196, 149 A. 682, Mr. Justice Holmes said:

"Obviously Flynn's right of action was barred, but it is argued that the right on behalf of the widow and children is distinct; that their cause of action could not arise until Flynn's death, and that therefore the two years did not begin to run until September 1, 1928. But the argument comes too late. It is established that the present right, although not strictly representative, is derivative and dependent upon the continuance of right in the injured employee at the time of his death. *Michigan Cent. R. Co.* v. *Vreeland,* 227 U. S. 59, 70, 33 S. Ct. 192, 57 L. Ed. 417, 421, Ann. Cas. 1914C, 176. On this ground an effective release by the employee makes it impossible for his administrator to recover. *Mellon* v. *Goodyear,* 277 U. S. 335, 344, 48 S. Ct. 541, 72 L. Ed. 906, 910. The running of the two years

from the time when his cause of action accrued extinguishes it as effectively as a release, *Engel* v. *Davenport*, 271 U. S. 33, 38, 46 S. Ct. 410, 70 L. Ed. 813, 817, and the same consequence follows. Our conclusion that this action could not be brought is required by the former decisions of this court."

In 39 A. L. R. 579, this is said:

"By the great weight of authority, however, where the statute in effect gives a remedy to recover damages where the death of a person is caused by the negligent or wrongful act of another, such remedy depends upon the existence in the decedent, at the time of death, of a right of action to recover damages for such injury; * * * "

In support also is 25 C. J. S., Death, sec. 56, page 1163:

 "Where the action for death is under a survival statute or is dependent on the existence of a cause of action in favor of decedent at the time of his death, the action is barred if at the time of death the applicable statute had run against decedent's right of action. There is some authority to the contrary."

See further in this connection, L. R. A. 1915E, 1095, 1105, and 1178.

Every right of action given under section 5786 is qualified by the express condition that it may be brought where "the wrongful act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action." The language "Every such action," in section 5787 refers to such an action as the party injured had the right to "maintain" under section 5786.

The 1926 amendment to section 5786 expressly provides that a right of action shall "survive" the death of the wrongdoer. Code, section 5790, embodies the same provision, and further provides that where an action is brought by a person injured who dies pending the action, the action shall not abate by reason of his death, but may be revived in the name of his personal representative.

Whether the right of action given the personal representative be regarded as a survival of the right of action of his

decedent, as a revival of the right, as a substituted right, or as a new right, the cause of action is the same, that is, the wrongful injury to the decedent, the wrong which entitled him to maintain an action, if death had not ensued.

Section 5786, prior to its amendment in 1942, provided that "Every action under this section" by the personal representative should be brought "within one year next after the right to bring the same shall have accrued." If an injured person failed to bring his "action under this section" within that year his right of action expired. If it had expired at the time of his death, his death did not revive or renew the right. The extinguishment of his right by the lapse of the specified time was as complete and as effectual as if it had been extinguished by judgment, compromise, or release.

The words "Every action under this section" were retained in the 1942 amendment. They still qualified the condition under which the personal representative could maintain an action. Therefore, if the right of action of the injured person has expired at the date of his death, there is no right of action left which the personal representative can exercise.

The effect of the 1942 amendment is to give the personal representative a right of action within one year after the death of the injured person, provided that person had a right of action at his death, bringing section 5786 in harmony with that of the first sentence of section 5787.

Statutes of limitation are statutes of repose, the object of which is to compel the exercise of a right of action within a reasonable time. They are designed to suppress fraudulent and stale claims from being asserted after a great lapse of time, to the surprise of the parties, when the evidence may have been lost, the facts may have become obscure because of defective memory, or the witnesses have died or disappeared.

Our conclusion is in accord with the letter and spirit of our statutes. A contrary conclusion would lead to unpredictable results. We do not think that the 1942

amendment was intended to allow a personal representative to bring an action for wrongful 'death at a time, perhaps, ten, fifteen, or twenty-five years subsequent to the date of the wrong that produced death, where, perhaps, the decedent did not, in his lifetime, deem it practical or worthwhile to assert any legal right to recover damages, or negligently failed to bring action within the time allowed him.

For the foregoing reasons, we are of opinion to affirm the judgment of the trial court.

*Affirmed.*