## CIRCUIT COURT OF ARLINGTON COUNTY

Ben H. Cooper,
general partner,
on behalf of
BHD Associates Limited Partnership

    v.

Herbert Jonkers et al.

October 24, 1990

Case No. (Law) 89-274

By JUDGE BENJAMIN N. A. KENDRICK

This matter comes before this court on the following:

1. Demurrers by defendant, Anthony Beale and Advance Engineers, Ltd., and by defendant, Herbert Jonkers;
2. Statute of Limitations raised by Pleas in Bar by defendants Beale and Advance Engineers, Ltd., by an Amended Plea in Bar by defendant H. L. Wiechmann, Inc., and by Answer and Grounds of Defense raised by Peter L. Wrenn and Herbert Jonkers;
3. Motion to Dismiss by defendant Wiechmann;
4. Motion for Summary Judgment by defendant Wrenn;
5. Cross-Claim by defendant Wrenn against Beale and Advance Engineers, Ltd.;
6. Demurrer and Plea in Bar raised by Beale and Advance to defendant Wrenn's Cross-Claim.

A brief recitation of the operative facts alleged in the Motion for Judgment follows. On or about October 12, 1979, Ben H. Cooper, J. P. Dempsey, and Herbert Jonkers entered into an agreement which provided for the formation of BHD. (Motion for Judgment, para. 6). In April of 1982, BHD purchased property on Quincy Street for investment purposes. Pursuant to an oral agreement, defendant Herbert Jonkers agreed to serve as general contractor for planned construction renovations to the property. (para. 8). Jonkers, in his capacity as general contractor, entered into an oral agreement with defendant Wrenn in January, 1983, to provide the plans and specifications for construction of the renovations and for supervision and inspection of the renovations. (para. 11). Wrenn subsequently selected defendants, Beale and Advance Engineers, Ltd., "to perform the functions of the structural engineer" on the project. (para. 12). In June of 1983, Jonkers entered into an oral agreement with defendant Wiechmann "[f]or the provision of masonry services to the Building, including the provision and installation of a brick veneer spandrel facade for the Building." (para. 13). On or about April 1, 1984, Jonkers accepted the construction of the renovations as complete. (para. 18. On or about June 1, 1988, a portion of the brick veneer spandrel separated from the building and fell to the ground "resulting in damage of more than four hundred thousand dollars ($400,000.00) to BHD and rendering the Building wholly unfit for its intended use without the performance of major repair work and reconstruction of the damaged sections of the Building." (para. 19).

Plaintiff filed its Motion for Judgment on March 13, 1989. Plaintiff advances three theories of recovery: (1) negligence; (2) breach of contract; and (3) fraud, actual and constructive.

The court has carefully considered the pleadings, memoranda, and arguments of Counsel and concludes as follows:

## I. *Negligence*

### A. *Count III: Beale and Advance Engineers, Ltd.*

Plaintiff alleges that defendant Beale and Advance Engineers, Ltd. (hereinafter referred to as "Beale and

Advance") are guilty of negligent acts or omissions by failing to act as reliable and competent engineers, by providing defective designs, and failing to require proper building materials. (Motion for Judgment, para. 26). Defendants filed both a Demurrer to this Count and a Plea in Bar. "It is a well-settled rule that a demurrer to a pleading admits the truth of all matters of fact which have been properly pleaded." *Ames v. American National Bank*, 163 Va. 1, 37 (1934). The court finds that the plaintiff has not set forth a cause of action by which relief can be granted.

The law in Virginia regarding the issue of liability of design professionals in construction cases is dispositive. The Virginia Supreme Court in *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419 (1988), and in *Blake Construction Co. v. Alley*, 233 Va. 31 (1987), held that in the absence of privity, no cause of action exists for an owner or a contractor to recover for alleged economic loss from an architect or an engineer.

Plaintiff contends that *Sensenbrenner* is inapposite to the case at bar for two reasons: (1) BHD was in privity with Beale and Advance; and (2) "Beale and Advance had an independent duty to take care for the safety of the property of BHD and others . . . [and that] the actions of Beale and Advance resulted in a product which was unreasonably unsafe." (Memorandum of Points and Authorities of BHD Associates Limited Partnership in Opposition to Demurrer of Beale and Advance Engineers, Ltd., pp. 1, 2). No factual allegations were pleaded to support either argument.

Plaintiff, in its Memorandum of Points and Authorities in Opposition to the Demurrer of Beale and Advance, asserts that Jonkers had been delegated authority by plaintiff to execute contracts and to perform all acts required of a general contractor for the project. Plaintiff contends that Jonkers entered into an agreement with Beale and Advance through Wrenn and that "Jonkers intended to and did bind BHD to the agreement with Beale and Advance." (Memorandum, pp. 2, 3). These assertions were not adequately pleaded in plaintiff's Motion for Judgment. Plaintiff in paragraph 12 of the Motion for Judgment asserts only that defendant Wrenn selected Beale and Advance to perform engineering services on renovations to the building. The

Court is of the opinion that the factual allegations pleaded do not support a claim that privity existed between the parties.

Plaintiff's second argument that Beale and Advance owed an independent duty to BHD to protect the safety of persons and property, notwithstanding the absence of privity, is without merit. Plaintiff asserts that its claim is a tort claim. (Memorandum pp. 4-8). The dividing line between recovery in tort versus recovery in contract is determined by the damages claimed. "The controlling policy consideration underlying tort law is the safety of persons and property - the protection of persons and property from losses resulting from injury. The controlling policy consideration underlying the law of contracts is the protection of expectations "bargained for." *Sensenbrenner*, 236 Va. at 425. Nowhere in plaintiff's Motion for Judgment is there an allegation that this defendant had a duty to protect the safety of persons and property. Plaintiff, in its Motion for Judgment, seeks damages for repair and reconstruction of the damaged sections of the building. "The effect of the failure of the substandard parts to meet the bargained-for level of quality was to cause a diminution in the value of the whole, measured by the cost of repair. This is a purely economic loss, for which the law of contracts provides the sole remedy." *Sensenbrenner*, 236 Va. at 425. The plaintiff in the case at bar alleges nothing more than disappointed economic expectations.

Absent privity, plaintiff cannot recover for economic loss due to the alleged negligence of defendant. Plaintiff's Motion for Judgment fails to state a claim for which relief can be granted. Accordingly, defendants' Demurrer is sustained.

Quite apart from sustaining the Demurrer to this Court, the Court is of the opinion that any claim which plaintiff may assert against Beale and Advance is subject to a three-year statute of limitations for actions based upon an oral contract. *See* § 8.01-246(4) of the Code of Virginia, 1950, as amended. Plaintiff asserts, however, that its cause of action is governed by § 8.01-243(B) which provides for a five-year statute of limitation for injury to property.

In order for the five-year statute to apply, the following facts, among other things, must be found: the injury "must be against and affect directly, the plaintiff's property," *Holford v. Leonard*, 355 F. Supp. 261, 264 (W.D. Va. 1973); (2) "the plaintiff must sue only for the direct injury" *Id.*; and (3) the injury to qualify as a direct injury must be the very first injury which results from the wrongful act. *Id.*

*Brown v. ABC*, 704 F.2d 1296, 1303, 1304 (4th Cir. 1983). The gravamen of plaintiff's claim, as set forth in Count III, is that defendant provided defective designs and utilized improper building materials. Therefore, the breach of contractual duties (the tender of defective design plans and the installation of defective parts) is the direct damage, and the separation of the brick veneer spandrel from the building is the indirect or consequential result of that direct wrong. *See also, Housing Authority v. Laburnum Corp.*, 195 Va. 827, 835 (1954).

Plaintiff further asserts that § 8.01-250 provides a specific exception for construction cases. (Memorandum of Points and Authorities of BHD Associates Limited Partnership in Opposition to Plea in Bar of Beale and Advance Engineers, p. 12). Section 8.01-250 of the Code of Virginia provides in pertinent part that:

[n]o action to recover for any injury to property, real or personal . . . shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance of furnishing of such services and construction.

"It is the object of litigation which determines the applicability of a statute of limitations, not the form in which the suit is instituted." *Chesapeake Bay Found., Inc. v. Virginia State Water Control Bd.*, 501 F. Supp. 821, 825 (E.D. Va. 1980) (quoting *Almond v. Kent*, 459 F.2d 200, 204 (4th Cir. 1972)). Plaintiff seeks recovery for economic loss. In *VMI v. King*, 217 Va. 751

(1977), the plaintiff filed an action against an architectural firm "Count I of the motion for judgment alleged negligent and improper design of the building, Count II alleged breach of warranties of the plans and specifications, and Count III alleged negligent and improper supervision and failure of inspection by the architects." *Id.* at 752. (*See also*, defendants' Memorandum in Support of the Plea in Bar, pp. 6, 7.) The court held in *V.M.I.* that the conduct in question "while sounding in tort is an action for breach of contract and is thus governed by the statute of limitations applicable to contracts." *V.M.I.* 217 Va. at 759.

The court finds that the cause of action seeks recovery not for injury to property but for disappointed economic expectations suffered as a result of a breach of duty assumed only by agreement. The parties here concur that the agreement was an oral agreement. BHD's cause of action is time-barred pursuant to § 8.01-246(4), which prescribes a three-year statute of limitations period for actions upon any unwritten contract, express or implied.

Plaintiff's assertion that the statute of limitations does not begin to run until the damage has occurred is without merit. (Memorandum in Opposition to Plea in Bar of Beale and Advance Engineers, Ltd., pp. 10-12). The general rule, as stated in *V.M.I.*, is that "the applicable period of limitation begins to run from the moment the cause of action arises rather than from the time of discovery of injury or damage, . . . difficulty in ascertaining the existence of a cause of action is irrelevant." *V.M.I.*, 217 Va. at 759 (citing *Housing Authority v. Laburnum Corp.*, 195 Va. 827, 838, 80 S.E.2d 574, 580-81 (1954)).

Plaintiff contends that there is no right of action until there is a cause of action. *Locke v. Johns-Manville Corporation*, 221 Va. 951 (1981). Plaintiff asserts that there must be a duty, a breach of that duty, and harm/damage to the plaintiff as a proximate cause of that harm/damage. Plaintiff contends that there was no harm/damage to plaintiff until the building collapsed (or at some time determinable by a jury) (Memorandum of Points and Authorities in Opposition to the Plea in Bar, pp. 10-12). The *Locke* genre of cases are factually inapposite to the case at bar, although not inconsistent with the general rule. In *Locke*, the injury did not exist at the time of the wrongful act; therefore, no tort was in being. In the case at bar,

the injury existed at the time of the wrongful act and merely had not been discovered. Plaintiff's cause of action asserts that defendants Beale and Advance provided defective designs and failed to require the proper building materials. As in the *Housing Authority* and the *Sensenbrenner* cases, the injury was complete when the plans were tendered and upon installation of the defective materials. The cause of action would have accrued, in the case at bar, at the latest on April 1, 1984, when the building was certified as complete.

Plaintiff orally argued that granting the defendants' Plea in Bar based on the statute of limitations would work an unfair hardship on the plaintiff. The Supreme Court of Virginia rejected this argument, leaving any such change in the rule to the General Assembly.

> Statutes of limitations are statutes of repose, the object of which is to compel the exercise of a right of action within a reasonable time. They are designed to suppress fraudulent and stale claims from being a serted after a great lapse of time, to the surprise of the parties, when the evidence may have been lost, the facts may have become obscure because of defective memory, or the witnesses have died or disappeared.

*Housing Authority*, 195 Va. at 839 (quoting *Street v. Consumers Mining Corp.*, 185 Va. 561, 575 (1946)).

Accordingly, defendants' Plea in Bar is sustained.

### B. *Count I: H. L. Wiechmann, Inc.*

Plaintiff alleges that defendant H. L. Wiechmann, Inc. (hereinafter referred to as "Wiechmann") is guilty of negligent acts or omissions in the performance of masonry services. (Motion for Judgment, para. 21, 22). Defendant filed a Motion to Dismiss and a Plea in Bar. Pursuant to this court's ruling on June 23, 1989, defendant was granted leave to file an Amended Plea in Bar.

Defendant's Motion to Dismiss is denied. Defendant asserts that (1) plaintiff is barred from bringing any action against Wiechmann for failure to carry the necessary insurance required pursuant to the parties' agreement;

and (2) based on *Sensenbrenner*, plaintiff lacks standing to sue Wiechmann on a claim for economic loss.

The Court finds that no allegation of insurance was raised by plaintiff in the Motion for Judgment nor by this defendant at the June 23, 1989, hearing. The Court is of the opinion that the issue of whether or not insurance was an integral term in the contract between the parties is not properly before the court at this time.

Wiechmann entered into an oral agreement with Jonkers to perform masonry services for the renovation to the building. The Court need not consider the rule in *Sensenbrenner* as it pertains to this defendant.

The Court sustains Wiechmann's plea of a statute of limitations bar raised in its Amended Plea in Bar filed on October 11, 1989. Count I seeks recovery for damage sustained as a result of Wiechmann's alleged negligent performance of masonry services. The cause of action, although sounding in tort, is an action for breach of obligations and responsibilities assumed pursuant to an oral agreement between the parties. *See, V.M.I. v. King*, 217 Va. 751, 759 (1977). BHD's cause of action is time-barred pursuant to § 8.01-246(4) of the Code of Virginia. Defendant's Amended Plea in Bar is sustained.

### C. *Count IV: Peter L. Wrenn*

Plaintiff alleges that defendant, Peter L. Wrenn, is guilty of negligent acts or omissions which proximately caused extensive damage to the building. Specifically, plaintiff asserts that Wrenn failed to provide competent designs, failed to adequately inspect the construction, and failed to require proper building materials. (Motion for Judgment, para. 28).

Wrenn asserts by affirmative defense that plaintiff's cause of action is barred by the applicable statute of limitations. (Answer and Grounds of Defense, para. 13). The Court sustains Wrenn's plea of the statute of limitations.

> The architect's duties both to owner and contractor arise from and are governed by the contracts related to the construction project. While such a duty may be imposed by contract, no common

law duty requires an architect to protect the contractor from purely economic loss. There can be no actionable negligence where there is no breach of duty " 'to take care for the safety of the person or property of another'."

*Blake Construction Co. v. Alley*, 233 Va. 31, 34 (1987) (citations omitted). Plaintiff failed to adequately allege that this defendant had a duty to protect the safety of persons and property. Such a duty cannot be imposed in the abstract, *Blake*, 233 Va. at 34.

Plaintiff's claim that Wrenn failed to act as a reliable and competent architect is an action for breach of contract and is therefore subject to the statute of limitations applicable to contracts. *See, V.M.I.*, 217 Va. at 759. The cause of action accrued upon the breach of the contract and not when the consequential damage resulted. *See, Housing Authority*, 195 Va. at 837. The cause of action accrued at the earliest when Wrenn tendered his drawings to Jonkers. The parties disagree as to whether or not Wrenn agreed to supervise and inspect the construction work being performed by the other defendants as a term of their oral agreement. Because the terms of the oral agreement are in dispute, the court denies Wrenn's Motion for Summary Judgment pursuant to Rule 3:18 of the Rules of the Virginia Supreme Court. However, the Court sustains the plea of the statute of limitations raised by affirmative defense in Wrenn's Answer and Grounds of Defense.

An oral agreement is subject to a three-year statute of limitations. Even if this Court were to determine that the contract required Wrenn to supervise and inspect the renovations, the cause of action would have accrued at the latest on April 1, 1954, when Jonkers accepted the construction of the renovations as complete. Plaintiff's cause of action is time-barred.

Accordingly, Wrenn's Cross-Claim against Beale and Advance, the Demurrer of Beale and Advance, and Plea in Bar to Wrenn's Cross-Claim need not be addressed by this Court.

## D. *Count VI: Herbert Jonkers*

Plaintiff alleges that defendant Herbert Jonkers is guilty of negligent acts or omissions which proximately caused extensive damage to the building. Plaintiff alleges that Jonkers failed to act as a reliable and competent general contractor; failed to hire competent subcontractors; failed to conduct timely and adequate inspection of the work performed; failed to require utilization of proper building materials; and failed to require the subcontractors to properly construct the building and its renovations in accordance with standard plans and specifications such that the building was fit for the purpose for which it was intended. (Motion for Judgment, paras. 31, 32).

Jonkers filed a Demurrer to this Count on grounds that "plaintiff has failed to allege any facts amounting to negligence and instead has alleged, at most, a breach of the Partnership Agreement or a breach of the alleged oral contract for general contractor services." (Demurrer, para. 1).[1] The purpose of a demurrer is to test the sufficiency of the pleadings. The Court is of the opinion that plaintiff has alleged sufficient facts to permit Jonkers to answer the Motion for Judgment. Jonkers's Demurrer to this Count is overruled.

The Court, however, sustains defendant's plea of the statute of limitations bar to this Count, raised in Jonkers's Answer and Grounds of Defense, para. 18, filed on May 17, 1989. Count VI recites negligent acts or omissions to perform as a general contractor in derogation of contractual duties. Plaintiff makes no allegation in this Count to written contractual obligations. Therefore, for the reasons enumerated above, plaintiff's cause of action for the negligent performance of duties assumed by oral agreement is time-barred.

---

[1] It should be noted that plaintiff did not file with the Court a copy of the Partnership Agreement. See Motion for Judgment, para. 6.

## II. *Breach of Contract*

### A. *Count II: Wiechmann*

Plaintiff in Count II alleges that defendant breached his agreement to provide proper stone mason services. Defendant filed an Amended Plea in Bar. The parties concur that the agreement between Jonkers, as general contractor, and Wiechmann was an oral agreement.

Plaintiff's cause of action is governed by a three-year statute of limitations for breach of an oral agreement. Because all work on the construction of renovations was accepted as complete on April 1, 1984, the statute of limitations has run on this Count. Defendant's Amended Plea in Bar is sustained.

### B. *Count V: Wrenn*

Plaintiff's Count V alleges that Wrenn's actions were taken in breach of his agreement to provide proper architectural services. The parties defined their respective rights and duties in an oral agreement. All work on the project was certified as complete on April 1, 1984. Plaintiff's breach of contract claim is time-barred.

### C. *Count VII: Jonkers*

Plaintiff advances a theory of recovery based on breach of defendant's fiduciary duties assumed pursuant to the Partnership Agreement. As noted in footnote 1, *supra*, this Agreement was omitted from the pleadings.

To the extent that BHD's Motion for Judgment rests upon a written agreement, the Court makes no findings as to this Count. Written Agreements are governed by Section 8.01-246(2) which provide that a cause of action be brought within five years unless otherwise specified. Plaintiff and defendant are granted leave to amend their pleadings to this Court.

### III. *Fraud (Actual and Constructive):*
### *Count VIII and Count IX*

Plaintiff alleges in these Counts that defendant, Jonkers's "acts, omissions and conduct . . . constitute a false, deceitful and fraudulent course of conduct in that false representations, or concealment, of past or present material facts were knowingly made with the intent that BHD would rely upon the representations or concealment of Jonkers, all to the damage of BHD." (Motion for Judgment, para. 36-39).

To the extent that plaintiff has alleged any conduct which gives rise to fraud, actual or constructive, the allegations are conclusory, lacking wholly in any allegations of fact which would permit defendant to answer the Motion for Judgment. "Conclusory allegations do not set forth a cause of action." *L. S. Good & Company v. Darrott & Sons, Inc.,* 263 F. Supp. 635, 647 (N.D. W. Va. 1987) (citing *Glenn Coal Co. v. Dickinson Fuel Co.,* 72 F.2d 885, 888 (4th Cir. 1934), other citations omitted).

The Court finds that plaintiff has not set forth a cause of action such that relief can be granted. Accordingly, defendant's Demurrers to Count VIII and Count IX are sustained. Plaintiff is granted leave to amend the Motion for Judgment as to these Counts.

### IV. *Conclusions at Law*

For the foregoing reasons, the Court sustains defendants' Demurrers on Counts III, VIII, and IX. Plaintiff is granted leave to amend its Motion for Judgment on Counts VIII and IX. Jonkers is granted leave to file responsive pleadings to those counts amended.

The Court makes no formal ruling as to Count VII. Plaintiff and defendant are granted leave to amend their pleadings to this Count.

Wiechmann's Amended Plea in Bar as to the statute of limitations is sustained as to Count I and Count II. The Plea in Bar raised by Beale and Advance to Count III is sustained. A statute of limitations bar is also sustained as to Counts IV, V and VI. Wrenn's Motion for Summary Judgment is denied as to Count V. Wiechmann's Motion to Dismiss is denied.