## Staunton.

LOUISVILLE AND NASHVILLE RAILROAD COMPANY
v. JOHN J. SALTZER.

September 20, 1928.

The opinion states the case.

*Morton & Parker* and *R. T. Irvine*, for the plaintiff in error.

*John W. Chalkley* and *Geo. L. Taylor*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

At the January Rules, 1923, J. J. Saltzer brought his action against the railroad company (hereinafter called defendant) to recover damages to a tract of land caused by

changing the channel of Powell's river, which flows through the land of the plaintiff. There was a verdict for the plaintiff, which the court refused to set aside, and the defendant is here assigning error.

The declaration alleges that, pursuant to the provisions of an act of the General Assembly of March 30, 1887, the defendant began the construction of its railroad from its Cumberland Valley Division, in Kentucky, into the State of Virginia; that, in the process of construction, the defendant twice changed the channel of Powell's river, which flowed through the lands of plaintiff. The claim for damages is based upon the damage done the property by reason of the "upper channel change," which was made in the year 1891.

Defendant filed its plea of not guilty, and also filed three special pleas. The first plea alleged that the channel change set out in the declaration was a permanent structure, and that if any damage occurred to the bank of said stream by erosion, the right to sue for such damage accrued when the structure was completed, and was recoverable by the owner of the land at the time of such erosion, and not by the plaintiff, who did not acquire the land in controversy until more than five years after the completion of the permanent structure.

In the second plea it was alleged that the final change set out in the declaration was a permanent structure that was completed in June, 1891; that the right to sue for any damage caused by any channel change occurred at that date; that all the erosion complained of occurred after that date; and that the plaintiff could not recover damage on account of erosion of the banks of said channel change which occurred more than five years after the month of June, 1891.

The third plea is as follows: "The defendant by its attorney comes and says that the erosion complained of in the plaintiff's declaration occurred more than five years before the bringing of the plaintiff's suit and it pleads the statute of limitations in this case made and provided as a bar to the plaintiff's action."

On the pivotal question, viz, when the right of action accrued, it is contended by the defendant that the right of action accrued when the channel of the river was changed in June, 1891. The contention of the plaintiff is that no appreciable damage occurred to the land until January 27, 1918, and that the right of action accrued on that date.

Plaintiff introduced J. W. Guntner, who testified that the damage complained of was caused by the upper channel change and occurred in January, 1918. This evidence was emphatically denied by the witnesses for the defendant. There being a conflict of evidence upon the question of when the damage first occurred, and the cause thereof, this question became a jury question, and was properly submitted to the jury for solution.

In *Southern Ry. Co.* v. *Watts*, 134 Va. 503, 114 S. E. 736, Kelly, P., said: "The evidence left in some doubt the question as to when the first actual damage resulted to the land from the diversion, and the question consequently was one for the jury to determine, and their verdict in favor of the plaintiff settled the question that the actual damage did not commence more than five years before the institution of the suit;" and also: "The burden of proving the facts necessary to establish an application of the statute of limitations is on the defendant."

The whole evidence in the instant case is to the effect that there was no appreciable damage to the

property of the plaintiff prior to what is called the "high water" of January and February, 1918. The issue involved in the instant case, as we comprehend it, is identical with the issue involved in the *Watts Case, supra.* In that case, the plaintiff brought his action for permanent injury to the value of the land and sought to recover entire damages caused by the diversion of a stream flowing through plaintiff's land. The defendant railway company interposed a plea of the statute of limitations. The action was brought in November, 1920, and the decisive question in the case turned on the application of the five year period of limitation. In disposing of this question, Judge Kelly said:

"The defendant contends further that even if the right of action did not accrue until some actual damage resulted, still the action is barred because the evidence shows that the actual injury to the land had begun in 1915 and more than five years before the institution of the suit. If this be true, and, further, if the actual damage started prior to the severance of the land into smaller parcels by the sale in 1915, then this alternative contention of the defendant is likewise the end of the case. If the injury to the land developed before the division, the right of action was entire, the statute began to run at once as to the whole boundary, and its running was not suspended or affected by a subsequent division of the land into parcels. We have already seen, however, that this latter contention of the defendant is concluded by the verdict of the jury. It is not questioned that the burden of proving the facts necessary to establish the application of the statute of limitations was on the defendant. *Goodell's Ex'rs* v. *Gibbons*, 91 Va. 608, 22 S. E. 504; *Va. Ry. & P. Co.* v. *Ferebee*, 115 Va. 289, 78 S. E. 556; *Va. L., etc., Co.* v. *O. D. McHenry*, 122 Va. 111, 122, 94 S. E. 173.

"The final question then is, did the statute begin to run as soon as the construction of the railway company's new work was completed, or did it only begin to run from the time of the first injury to the land from such work? We think the answer, in reason and upon authority, is that the cause of action accrued, and the statute therefore began to run, at the time the damage commenced, and not at the time when the construction was completed."

If there was ever any doubt that the *Watts Case* settled the question of when a right of action accrued in such cases, this doubt has been completely set at rest by the recent decision of this court in *Southern Ry. Co.* v. *Leake*, 140 Va. 439, 125 S. E. 314. In delivering the opinion of the court, Judge Prentis said:

"This case is so much like *Southern Railway Company* v. *Watts*, 134 Va. 503, 114 S. E. 736, that we might be justified in contenting ourselves with saying that it is thereby controlled. Inasmuch, however, as the attorney for the company vigorously and insistently urges us to reconsider and overrule that case, it may be proper for us to say more. Upon such reconsideration of that case, we are fully confirmed in the views there so well expressed and supported by reason and authorities therein cited. * * *

"Supplementing the citations in the *Watts Case* by the note to *Mast* v. *Sapp*, 5 L. R. A. (N. S.) 379 (140 N. C. 535, 53 S. E. 350, 111 Am. St. Rep. 864, 6 Ann. Cas. 384), it is seen that additional authority is not lacking. Undoubtedly where there is a permanent structure, causing immediate damage to real estate, the cause of action at once arises, but where the damage to the real estate arises from a cause not then immediately effective, then a different principle is applicable and the cause of action does not arise until the injury

can be shown. The reason and justice of this is perfectly apparent, for a plaintiff who merely feared ultimate damage to his property under such circumstances would invite defeat if he only relied upon his fears and was unable to prove any actual damage. So the courts have formulated the general rule thus: Whenever any injury, however slight it may be, is complete at the time the structure is completed, the cause of action then accrues; but whenever the structure is not legally injurious there is no cause of action until such injurious consequences occur, and it accrues at the time of such consequential injury. If the act complained of is perfectly lawful, so far as concerns the person who alleges such an injury to his property, the cause of action does not accrue until he can show that such injury has been sustained. *Bank of Hartford Co.* v. *Waterman*, 26 Conn. 324; *Houston Water Works* v. *Kennedy*, 70 Tex. 233, 8 S. W. 36.''

Both in the *Watts Case* and the *Leake Case* the authorities here relied upon by the defendant company are analyzed. This analysis demonstrates that in most of the cases it is plainly made to appear that the completion of the structure and the commencement of the damage are simultaneous, and, therefore, the cases are not in point.

Special plea No. 3 presents the question that the damage complained of occurred more than five years before the bringing of this action. That is to say, conceding that the cause of action did not accrue until January, 1918, it is contended that the statute of limitation had run when the process was issued. While it does not otherwise appear, it is agreed by counsel that the memorandum was made in the clerk's office, on the 27th day of January, 1923, and that the summons was issued by the clerk on the 29th of January, 1923.

██ The burden of proof was upon the plaintiff to show that the negligent act of the defendant had occasioned the damage complained of. On the other hand, the burden was upon the defendant to show that the statute of limitations barred plaintiff's recovery. This burden the defendant has failed to carry. It is true that the high water began on January 27, 1923, but there is no proof that the damage occurred on that date. Whatever damage it inflicted was not observable until the subsidence of the water two or three days afterwards. The question was fairly submitted to the jury, which found against the plea of the defendant. This finding is conclusive.

█ The last assignment of error relates to the verbal instruction given the jury by the court. No objection was made by the defendant at the time to the giving of the instruction, neither did the defendant except thereto. This being true, under the provisions of Rule 22, we are precluded from considering this action of the trial court. We find no error in the judgment complained of and the same must be affirmed.

*Affirmed.*