**James Troy JOYCE, et al., Plaintiffs,**

v.

**A.C. & S., INC., et al., Defendants.**

**Civ. A. No. 83–0004–D.**

United States District Court,
W.D. Virginia,
Danville Division.

July 19, 1984.

Thomas Crumplar, Jacobs & Crumplar, P.A., Wilmington, Del., Fred D. Smith, Jr., Martinsville, Va., for plaintiffs.

J.A. Stalnaker, Williams, Worrell, Kelly & Greer, P.C., Norfolk, Va., for Owens-Corning.

John B. King, Jr., Robert L. O'Donnell, Vanderventer, Black, Meredith & Martin, Norfolk, Va., for Pittsburg Corp.

Lewis T. Booker, Virginia W. Powell, Hunton & Williams, Richmond, Va. and Catherine B. Hagerty, Rick A. Harrington, Legal Dept., Wilmington, Del., for E.I. Du-Pont.

Howard W. Rhodes, Jr., Rhodes, Jennings & Livingston, Lynchburg, Va., for Fiberboard Corp.

Henry C. Morgan, Jr., Pender & Coward, Virginia Beach, Va., for Keene Corp.

Archibald Wallace, III, Sands, Anderson, Marks & Miller, G. Edgar Dawson, III, William N. Watkins, Richmond, Va., for Southern Textile Corp.

Henry M. Sackett, III, Bevin R. Alexander, Jr., Edmunds, Williams, Robertson, Sackett, Baldwin & Graves, Lynchburg, Va., for A.C. & S., Inc.

William S. Davies, Jr., Nelson, Mullins, Grier & Scarborough, David G. Traylor, Jr., Columbia, S.C., Philip G. Gardner, Assoc. Counsel, Martinsville, Va., for Bell Asbestos Mines, Ltd. and Atlas Turner, Ltd.

John Y. Pearson, Jr., Bruce T. Bishop, Willcox, Savage, Dickson, Hollis & Eley, Norfolk, Va., for Celotex Corp.

Hunter W. Sims, Jr., Becky A. Powhatan, Kaufman & Canoles, Norfolk, Va., for GAF Corp.

Samuel Lawrence Dumville, Edward L. Breeden, III, Breeden, Howard & MacMillan, Norfolk, Va., for Nicolet, Inc.

William O. Tune, Jr., Gentry, Locke, Rakes & Moore, Linda A. Davis, Roanoke, Va., for Armstrong World Ind. Inc. and Armstrong Cork Co.

James L. Hutton, Gilmer, Sadler, Ingram, Sutherland & Hutton, Blacksburg, Va., for Eagle Picher Ind., Inc.

Charles A. Smith, Hoyle, Corbett, Hubbard, Smith & Payne, Newport News, Va., for Raymark Ind., Inc.

Beckman Rich, Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, Joseph M. Winston, Jr., W. Carrington Thompson, Clement & Wheatley, Danville, Va., for Turner & Newall.

Donald S. Elmore, Elmore & Parker, Richmond, Va., for Forty-Eight Insulation, Inc.

## MEMORANDUM OPINION

KISER, District Judge.

James Troy Joyce, a citizen of Virginia, brought suit on January 11, 1983, alleging that due to the actions of the Defendants, various manufacturers, miners, and suppliers of asbestos and asbestos products, he has suffered damages caused by the diseases which he allegedly developed as a result of his exposure to asbestos.[1] Jurisdiction rests in this Court pursuant to 28 U.S.C. § 1332.[2]

The matter is before this Court on Defendant Celotex Corporation's motion for summary judgment. Celotex argues that the claims relating to all of Plaintiff's asbestos-related injuries are barred by the applicable Virginia statute of limitations. This motion for summary judgment has been joined by Defendants Owens-Corning Fiberglass Corporation, Armstrong World Industries, Inc., Eagle-Picher Industries, Inc., Keene Corporation, and Pittsburgh Corning Corporation.

---

1. E.I. DuPont De Nemours & Company, the Plaintiff's employer, was also joined as a defendant for allegedly intentionally causing these various diseases and for acting in such a way that Plaintiff may have lost his legal right to seek compensation for one or more of his asbestos-related diseases. In addition, three other parties were joined as Plaintiffs on June 15, 1983.

2. Since jurisdiction is based on 28 U.S.C. § 1332, I am, therefore, required to apply the law of Virginia. *Erie Railroad Co. v. Thompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

For the reasons which follow below, the Court concludes that the Defendants' motion is well taken.

## I.

James Troy Joyce worked briefly for E.I. DuPont De Nemours & Co., Inc. (DuPont) in Martinsville, Virginia, for four months in 1946. He later worked at DuPont's Martinsville plant from 1951 until March, 1982, when he retired due to ill health. For approximately eleven of those years, from 1952 to 1955 and again from 1964 to 1972, Plaintiff was allegedly exposed to asbestos insulation while working as a mechanic. In 1972, after having learned from the news media about some of the potential hazards of asbestos, he obtained a job transfer to avoid further exposure to asbestos.

Plaintiff now allegedly suffers from pleural asbestosis, parenchymal asbestosis, and pleural effusions.[3] Additionally, Plaintiff is allegedly in the high risk class for mesothelioma, lung and intestinal cancer, and other asbestos-related diseases. The asserted grounds for Defendants' liability include negligent failure to warn, fraudulent misrepresentation or concealment, conspiracy, strict liability, and malicious or reckless disregard by the Defendants of his rights.

The parties agree that the appropriate statute of limitations which governs this action is a two-year statute which is set forth in Va.Code Ann. § 8.01–243(A) (Repl. Vol.1977). The dispute between the parties lies in the application of the statute as to when the cause of action accrues. Both parties in turn agree that this question is governed by an application of the case of *Locke v. Johns-Manville Corp.*, 221 Va. 951, 275 S.E.2d 900 (1981).

It is the position of the Plaintiff that the Virginia Court in *Locke* brought itself in line with those jurisdictions that hold where there are several diseases which may be caused by a single negligent act or course of conduct, the statute of limitations runs independently as to each disease and does not begin to run until the disease is diagnosable. In support of that proposition, the Plaintiff cites cases from other jurisdictions which so hold. Plaintiff relies upon the cases of *Wilson v. Johns-Manville Sales Corp.*, 684 F.2d 111 (D.C.Cir. 1982); *Fearson v. Johns-Manville Sales Corp.*, 525 F.Supp. 671 (D.D.C.1981); and *Pierce v. Johns-Manville Sales Corp.*, 296 Md. 656, 464 A.2d 1020 (1983). All three cases were from jurisdictions which follow the "discovery rule" in applying the statute of limitations, and all held that where the Plaintiff had suffered asbestos-related diseases, the earlier diagnosis of asbestosis did not commence the running of the statute on a later diagnosed mesothelioma.

In these cases, the defendant had argued, as the Defendant argues here, that the act of negligence produced a single indivisible cause of action which accrued when the earlier disease was discovered. The courts of the two jurisdictions involved rejected this argument, and in so doing very logically pointed out that to follow the defendants' theory would place the plaintiff on the horns of an insoluble dilemma. It would require a plaintiff, reasoned the courts, to make a choice between bringing his cause of action when the earlier disease was discovered and run the risk of being unable to prove to a reasonable medical certainty that mesothelioma would follow or to wait until the mesothelioma was discovered, but in so doing run the risk of the entire claim being barred by the statute of limitations. The courts reasoned that this was patently unfair, and did not serve the underlying purpose of a statute of limitations.

The Plaintiff conceded in his brief and in oral argument that until the *Locke* decision, the state of the Virginia law with

---

**3.** Plaintiff concedes that he is not attempting to recover from Defendants for his asbestos-related pleural asbestosis. The Plaintiff's position is that he developed the separate and distinct diseases of parenchymal asbestosis and pleural effusions after January 11, 1981, and thus the statute of limitations has not run on what the Plaintiff has characterized as these separate causes of action. The Defendants will assume, however, that for the purposes of this motion the various asbestos-related diseases are in fact separate and distinct.

regard to accrual of a cause of action for the purpose of application of the statute of limitations was that in an action for bodily injury, there was but a single, indivisible cause of action which accrued at the time of injury. Plaintiff urges very forcefully, however, that *Locke* brought Virginia into the fold of those jurisdictions which follow the divisible cause of action theory as espoused in *Wilson, Fearson,* and *Pierce.* Unfortunately, I cannot agree.

In *Locke v. Johns-Manville Corp., supra,* the plaintiff brought a products liability action against several companies which mined, manufactured and sold asbestos insulation materials. Plaintiff, an industrial electrician who had worked with asbestos insulation from 1948 to 1972, claimed that inhalation of asbestos fibers and dust during that period had caused him to develop mesothelioma, a cancerous tumor of the lung. The Virginia Supreme Court held that the action filed on July 24, 1978, was timely.

The *Locke* court construed the word "injury" in § 8.01–230 to mean "positive, physical or mental hurt to the claimant, not legal wrong to him in the broad sense that his legally protected interests have been invaded." 221 Va. at 957, 275 S.E.2d at 904. Stating that the running of the limitations period is "tied to the fact of harm to the plaintiff," the court rejected any notion that it was keyed to the date of defendant's wrongful act. 221 Va. at 957–58, 275 S.E.2d at 904.

The "crucial question", said the *Locke* court, is "[w]hen was the plaintiff hurt?" Holding that the answer lies in the medical evidence, the court set up the following rule:

> [T]he cause of action accrued and the statute of limitations began to run from the time plaintiff was hurt. The "time plaintiff was hurt" is to be established from available competent evidence, produced by a plaintiff or a defendant, that pinpoints the precise date of injury with a reasonable degree of medical certainty.

221 Va. at 959, 275 S.E.2d at 905.

Concluding, on the basis of the expert medical opinion, that the cancerous tumor did not begin to form contemporaneously with exposure to the asbestos dust, the court in *Locke* found that the 1948–1972 period of exposure bore no medical relationship to when, or even if, the disease developed. From the medical evidence in the case, the court concluded that the "time plaintiff was hurt" was either November, 1977 when plaintiff first experienced lung problems, or in May, 1978, when an x-ray revealed "an abnormality". Since both occurred within two years of suit, the action was not barred by the statute of limitations.

In reaching this decision, *Locke* specifically rejected any rule which would commence the running of the statute of limitations on the date of discovery of the injury, or on the date when the injury should have been discovered in the exercise of reasonable diligence. In addition, and most significant to the case at bar, the court stated that it was not postponing the beginning of the limitations period until the time of diagnosis of the injury or disease. Rather, if expert medical testimony demonstrates that the injury—the damage—occurred before the time when the disease manifested itself by symptoms, such as pain, discomfort or impairment of functions, the statute begins to run from the earlier date. 221 Va. at 959, 275 S.E.2d at 905.

In my opinion, the Virginia court has not changed the longstanding rule of the indivisible personal injury in this Commonwealth. The court's opinion states in fact that "the rule we adopt today is but an application of our prior decisions". 221 Va. at 959, 275 S.E.2d at 906.

For example, the *Locke* court cited *Louisville and Nashville Railroad v. Saltzer,* 151 Va. 165, 144 S.E. 456 (1928). In that case, Saltzer sued the railroad company to recover for damage to his land resulting from the defendant's action in changing the channel of a river flowing through the property. The defendant contended the statute of limitations arose at the time the channel was changed in 1891 which was followed by soil erosion. The plaintiff's position was that no appreciable damage

occurred until there was "high water" in 1918, and the right of action accrued then. The court stated in affirming the trial court's decision to sustain the jury verdict for the plaintiff that: "Whenever any injury, however slight it may be, is complete at the time the [act or omission] is completed, the cause of action then accrues." 151 Va. at 170–171, 144 S.E. at 457.

■ Further in *Street v. Consumers Mining Corporation*, 185 Va. 561, 39 S.E.2d 271 (1946), a ruling undisturbed by *Locke*, the Virginia court stated with specific reference to the issue at bar:

> [A]s a general rule, where an injury, though slight, is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy therefor the statute of limitations attaches at once. It is not material that all the damages resulting from the act should have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date.

Thus it is clear from these cases, including *Locke*, that in Virginia, an action for all damages resulting from the tortious conduct of the defendant must be brought within two years of the time in which competent medical evidence can pinpoint when the plaintiff was hurt.

The *Locke* decision has been addressed on two recent occasions by the Fourth Circuit. In both cases, this Circuit reaffirmed Virginia's rule of the indivisible personal injury. In *Brown v. American Broadcasting Co., Inc.*, 704 F.2d 1296 (4th Cir.1983), the plaintiff sued for defamation and emotional distress resulting from a television broadcast which had pictured her in an unfavorable light. The program was broadcast in 1978, but the plaintiff did not learn of it until September, 1980. She filed a suit in January, 1981, arguing, in opposition to defendant's statute of limitations motion, that her claims did not accrue until September, 1980 when she suffered the emotional harm for which she was seeking relief.

The court rejected the plaintiff's argument stating that the statute of limitations commenced to run on the dates in 1978 when her reputation was injured. "All the necessary elements of these two claims were present, if they were ever present, upon the broadcast of the allegedly false and defamatory statement about the plaintiff." 704 F.2d at 1300. Further, the court noted that under Virginia law the statute of limitations does not accrue separately for each set of damages which results from a wrongful act. "Once a cause of action is complete and the statute of limitations begins to run, it runs against all damages resulting from the wrongful act, even damages which may not arise until a future date." 704 F.2d at 1300.

The Fourth Circuit also reviewed the application of Virginia's statute of limitations in *Large v. Bucyrus-Erie Co.*, 707 F.2d 94 (4th Cir.1983). In that case a quarry employee brought suit against two manufacturers of power shovels which he operated during the course of his employment. He alleged negligence in the design and manufacture of the shovels, breach of warranty, and failure to warn of the dangers of exposure to dust and noise which resulted in certain respiratory illnesses including silicosis and asbestosis and a bilateral hearing loss.

The district court held that under *Locke* the injuries occurred, and therefore the cause of action accrued, more than two years before the suit was filed. The court agreed with the district court's reading and application of *Locke* and affirmed the granting of summary judgment to the defendants. "Of course", the District Court stated, "the general rule in Virginia is that the limitations period begins to run when the initial injury, even if relatively slight, is sustained, and the manifestation of more substantial injuries at a later date does not extend the limitations period." *Large v. Bucyrus-Erie Co.*, 524 F.Supp. 285, 289 (E.D.Va.1981).

II.

■ In the instant case, this Court must thus determine the "time Plaintiff was

hurt", and as *Locke* requires, this is to be established with available competent evidence. However, the Plaintiff does not dispute the fact that he had pleural thickening or asbestos-related pleural disease which existed prior to two years before this suit was filed.[4] Additionally, this fact is borne out by the deposition testimony of DuPont's physician as well as a pulmonary specialist. The doctors identified bilateral pleural thickening in Plaintiff's x-rays dating back to 1970. Thus, it is undisputed that the Plaintiff was "hurt" as early as 1970 with an asbestos-related injury. Therefore, his suit for any and all asbestos-related injuries is barred by the Virginia statute of limitations.

 In granting summary judgment in this case based on the statute of limitations, although I am bound to follow the Virginia law, I am also bound by good conscience to express my displeasure at the inequity of the rule. The plaintiffs in latent disease cases are particularly caught in a perilous situation unless the application of the statute of limitations is applied to each separate disease. As the court in *Wilson v. Johns-Manville Sales Corp.*, *supra*, noted, a community interest seeking adjudication and relief that will compensate persons for injuries is significantly undermined by a rule that upon the manifestation of any harm, the injured party must then, if ever, sue for all harms the same exposure may (or may not) occasion sometime in the future. 684 F.2d at 119.

The traditional American rule is that recovery of damages based on future consequences may only be had if such consequences are "reasonably certain". Recovery of damages for speculative or conjunctual future consequences is not permitted. At best, if the plaintiff brings a suit before the later developing disease manifests itself and is unable to produce evidence to a reasonable degree of medical certainty that the later disease will manifest itself, he is not going to be able to claim damages for

that disease because he will not be able to prove it. On the other hand, if he waits for the disease to manifest itself, and it turns out that the disease does not become manifest until after the statute of limitations has run, then he is likewise barred from recovering for that element of damages.

However, the *Locke* court concluded only that the accrual point is when damage occurs. As noted above, in the instant case the damage occurred to Mr. Joyce more than two years prior to the institution of this suit. Therefore, summary judgment shall be entered in favor of the Defendants against Plaintiff James Troy Joyce.

An appropriate Order will issue.

---

**4.** Plaintiff's Memorandum in Opposition to Celotex's Motion for Summary Judgment at 3, fn. 3.