## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Shirley McClammzy

v.

Frank J. Durcan

August 29, 1985

By JUDGE JOHN A. JAMISON

The central issue before the court at this point before trial is whether the cause of action arose at the time of the plaintiff's surgical operation, as the defendant argues, or at the time the pregnancy ocurred, which the plaintiff argues.

On February 7, 1980, the defendant performed a sterilization operation by cauterization on the plaintiff. However, on February 6, 1983, the plaintiff had a child by normal delivery. The plaintiff notified the defendant of her malpractice claim on May 17, 1983.

Mr. Thompson argues in his plea of the statute of limitations that the statute expired on June 6, 1982. He cites the two-year one hundred twenty-day limit in accordance with Virginia Code 8.01-244 and Virginia Code 8.01-581.9. In *Bolen* [v. *Bolen*, 409 F. Supp. 1374 (W.D. Va. 1976)], which Mr. Thompson includes with his brief, the court simply states the Virginia Rule of *Hawks v. DeHart*, 206 Va. 810, 146 S.E.2d 187 (1966).

> We are committed in Virginia to the rule that in personal injury actions the limitation on the right to sue begins to run when the wrong is done and not when the plaintiff discovers that he had been damaged. (146 S.E.2d at 189)

Mr. Thompson also submitted the case of *Joyce, et al. v. A. C. & S., Inc., et al.*, [591 F. Supp. 449 (W.D. Va. 1984)], a more recent case in which Judge Kiser of

the U.S. District Court for the Western District of Virginia ruled that "the statute of limitations begins to run on the cause of action from the time that an injury or disease is first diagnosable."

This leads me to review the case of *Locke v. Johns-Manville Corporation, et al.,* 221 Va. 951 (1981), at p. 959, a 1981 Virginia Supreme Court decision. It seems to me that this case more closely parallels the case at hand. The plaintiff in that case sustained damage from exposure to asbestos fiber. Over a period of time he developed a condition known as mesothelioma which was a direct result of exposure to asbestos. The injury occurred before the onset of the symptoms. However, the court held that the damage existed when the cancer developed, it being expressed by the court that the plaintiff's cause of action should not be barred before he suspects an injury.

The plaintiff in the case at hand argues that her damage was sustained at the time the pregnancy was determined and therefore, the statute of limitations had not begun to run until that event occurred. This is clearly analogous to the *Locke* case where, as stated, the court held that plaintiff's cause of action should not be barred before damage is sustained by the plaintiff, which in this case is the pregnancy.

Since the sterilization operation was performed to prevent further pregnancies, she was damaged or injured only when the pregnancy occurred. By analogy to Judge Kiser's ruling, the statute began to run from that time and here the damage was first "diagnosable." The opinion of Judge Hancock of Fairfax County, in *Smith v. Leary,* included in Mr. Hartke's brief, is directly on point. Judge Hancock holds the accrual point is when damage occurred, which in this case is the date the pregnancy occurred.

Although the plaintiff's petition alleges the negligent performance of the sterilization operation, these are facts which must be stated to provide a complete pleading for relief. The motion for judgment clearly states that plaintiff's alleged damage was caused by the pregnancy. Therefore, it will be ordered that defendant's plea of the statute of limitations be denied.

238

The clerk is requested to enter an order overruling the plea of the statute of limitations.