646 F.Supp. 610 (1985)
In re FELA ASBESTOS CASES.
William E. PALMER, Robert E. Mays, Jr., Clarence N. Pedigo, Thomas Rockhill, Plaintiffs,
v.
NORFOLK & WESTERN RAILWAY COMPANY, et al, Defendants.
Civ. A. Nos. 83-0282-R, 83-0283-R, 83-0286-R and 83-0288-R.
United States District Court, W.D. Virginia, Roanoke Division.
December 12, 1985.
*611 Joseph F. Rice, Blatt & Fales, Barnwell, S.C., J. Weldon Granger, Jones & Granger, Houston, Tex., Ross C. Hart, Hart & Hart, Roanoke, Va., for plaintiffs.
James M. McCauley, Hoyle, Corbett, Hubbard & Smith, Newport News, Va., for Raymark.
Archibald Wallace, III, Sands, Anderson, Marks & Miller, Richmond, Va., for H.K. Porter, Southern, and Keene & Celotex.
Edward L. Breeden, S. Lawrence Dumville, Breeden, Howard & MacMillan, Norfolk, Va., for Nicolet Inc.
William B. Poff, James W. Jennings, Jr., Woods, Rogers, Muse, Walker & Thornton, Roanoke, Va., for Norfolk and Western Ry.
William S. Davies, Jr., David G. Traylor, Jr., Nelson, Mullins, Grier & Scarborough, Columbia, S.C., Philip G. Gardner, Martinsville, Va., for Atlas Turner.
James A.L. Daniel, Meade, Tate & Daniel, Danville, Va., for Gen. Elec.
James C. Shannon, Duane and Shannon, Richmond, Va., for Garlock.
William T. Wilson, William T. Wilson & Associates, Covington, Va., for U.S. Gypsum.
David Craig Landin, William H. King, Jr., McGuire, Woods & Battle, Charlottesville, Va., for Westinghouse Elec. Corp.
Jerry K. Jebo, Jebo and Rosenthal, Radford, Va., for E.A. Kinsey Co.
Ronald D. Hodges, Glenn M. Hodge, Wharton, Aldhizer & Weaver, Harrisonburg, Va., for Goodyear Tire & Rubber Co.
William H. Lindsey, Claude M. Lauck, Glenn, Flippin, Feldmann, & Darby, Roanoke, Va., for Anchor Packing.
*612 James L. Hutton, Gilmer, Sadler, Ingram, Sutherland & Hutton, Blacksburg, Va., for Koppers.
John W. Zunka, Jane P. Long, Taylor & Zunka, Ltd., Charlottesville, Va., Thomas S. Schaufelberger, Alan Klein, Alfred W. Putnam, Jr., Stuart A. Law, Jr., Drinker, Biddle, & Reath, Washington, D.C., for Uniroyal, Inc.

MEMORANDUM OPINION AND ORDER
KISER, District Judge.
The final pre-trial conference was held on November 18, 1985, in the Palmer, Mays, Pedigo, and Rockhill cases. All remaining parties in these cases were present by counsel.
There were numerous motions brought before the Court for pre-trial resolution. Argument was presented, and those matters are now ripe for disposition. Accordingly, it is hereby ADJUDGED and ORDERED as follows:

1.

Motion for Summary Judgment Based on Privity of Contract Defense
For the reasons stated into the record at a pre-trial conference on August 30, 1985, this motion is GRANTED as to claims based on an implied warranty theory and DENIED as to claims based on a negligence theory.

2.

Motion for Partial Summary Judgment to Eliminate Punitive Damages
In accordance with this Court's Order of March 28, 1985, the manufacturing Defendants' motion for summary judgment to eliminate punitive damages is DENIED.

3.

Motion for Summary Judgment to Eliminate Misrepresentation Claims
The motion for summary judgment to eliminate any misrepresentation claims is GRANTED. The Plaintiffs allege facts constituting a claim for breach of implied warranty, not constituting a claim of misrepresentation.

4.

Motion for Summary Judgment in Pedigo Based on Statute of Limitations
The motion for summary judgment by manufacturing Defendants H.K. Porter Company, Inc., Southern Textile Corporation, Celotex Corporation, Keene Corporation and Nicolet, Inc. in the Pedigo case (Civil Action No. 83-0286-R) on the ground that the cause of action is barred by the statute of limitations is GRANTED. The Court holds that the Plaintiffs' injuries were sustained more than two years before the filing of this action.
There is no dispute that this Court is to apply Virginia law to determine the applicable statute of limitations and the time at which a cause of action accrues under the statute. Section 8.01-243(A) of the Virginia Code provides that "every action for personal injuries ... shall be brought within two years next after the cause of action shall have accrued." Section 8.01-230 provides that "the cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained." On July 1, 1985, however, the Virginia Code was amended so that a cause of action for asbestos-related injuries does not accrue until the diagnosis "is first communicated to the person or his agent by a physician." Va. Code § 8.01-249(4).
I must first determine, therefore, whether the July 1, 1985 amendment to Va.Code § 8.01-249 is to be applied retroactively. The general rule in Virginia is that statutes of limitation are not retrospective in their application in the absence of clear legislative intent to the contrary. Phipps v. Sutherland, 201 Va. 448, 452, 111 S.E.2d 422, 425 (1959). In my view, the 1985 amendment cannot be applied retroactively because there is no evidence that the Virginia General Assembly intended a retroactive application.
In the absence of a retroactive application of § 8.01-249(4), the cause of action *613 accrues and the statute of limitations begins to run when an injury is sustained, pursuant to Va.Code § 8.01-230. In determining when the injury was sustained, I am guided by Locke v. Johns-Manville Corporation, 221 Va. 951, 275 S.E.2d 900 (1981), as interpreted by this Court in Joyce v. A.C. & S, Inc., 591 F.Supp. 449 (W.D.Va. 1984). Under Locke and Joyce, the cause of action accrues when the injury is diagnosable based on medical technology existing at the time of the injury. Moreover, the cause of action is deemed to have accrued whenever the injury, however slight, is complete. Locke at 960, 275 S.E.2d 900, quoting Louisville and Nashville Railroad v. Saltzer, 151 Va. 165, 170-71, 144 S.E. 456, 457 (1928). See also Street v. Consumer's Mining Corporation, 185 Va. 561, 39 S.E.2d 271 (1946).
Under Rule 56 of the Federal Rules of Civil Procedure, the Defendants, as the moving parties, have the burden of showing the absence of a genuine issue concerning a material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). After the moving party has made this initial showing, the party opposing the motion has a duty to respond pursuant to Rule 56(e). Id. at 160, 90 S.Ct. at 1609-10. In evaluating the motion, the Court is to view all facts in a light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).
In view of these principles, I now examine the Defendants' motion for summary judgment.
Plaintiff Clarence N. Pedigo filed this suit on January 13, 1984. To avoid being time-barred, his cause of action must not have accrued prior to January 13, 1982.
On July 7, 1981, Pedigo was examined by Dr. Kirk Hippensteel. At this time, Dr. Hippensteel confirmed that Pedigo had bilateral pleural plaques associated with asbestos exposure. (July 7, 1984 medical record of Dr. Hippensteel). (Doctors subsequently diagnosed Pedigo as suffering from "pulmonary parenchymal and pleural asbestosis." See Pedigo's Answers to Interrogatories, No. 17, p. 10, filed on July 13, 1984). Moreover, Dr. Hippensteel conveyed this information to Pedigo at their July 7, 1981 meeting. (Pedigo deposition at 33-34.)
Although Dr. Hippensteel did not specifically make a diagnosis of asbestosis based on his July 7, 1981 examination (Hippensteel deposition at 17-18, 26-27, and 32), I believe that an injury had been sustained as of this date. My opinion is reinforced by Louisville and Nashville Railroad v. Saltzer (a cause of action accrues whenever the injury, however slight, is complete) and Joyce v. A.C. & S, Inc., (the cause of action does not accrue at different times for each separate asbestos-related disease). My opinion is also reinforced by the affidavit of Dr. Charles J. Donlan, Jr., in which he states that there has been no significant change in the appearance of Pedigo's chest x-rays from 1980 to 1984.
Although I am well aware that the Defendants have the ultimate burden of proof in this matter, the Plaintiff has done nothing to rebut the Defendants' showing that the cause of action accrued more than two years before this action was filed. The Plaintiff's only response to Defendant's motion has been to argue that pleural plaques are only a symptom, not an injury, for purposes of the statute of limitations. The Plaintiff relies upon the testimony of Dr. Hippensteel in support of his argument but the testimony does not support it. Dr. Hippensteel never testified that pleural plaques are not an injury. He stated that they are evidence of asbestos related changes in the body which are not disabling. I read his testimony to mean that pleural plaques are a non-disabling injury  thus a "slight" injury. Moreover, the Plaintiff has predicated his whole lawsuit on his claim that this injury is a disease. I will not allow him to claim damages for disease for the purpose of establishing his claim, but to deny that it is a disease for the purpose of the statute of limitations. Consequently, I find that the Defendants *614 are entitled to summary judgment on their motion.

5.

Motion to Dismiss Based on Plaintiffs' Covenants Not to Sue
Defendant Norfolk & Western Railway Company's motion to dismiss based on Plaintiffs' covenants not to sue other companies is DENIED.

6.

Nicolet's Motion for Summary Judgment Based on Lack of Product Identification
Defendant Nicolet's motion for summary judgment based on lack of product identification as to Palmer and Mays is DENIED. There is sufficient evidence to place the Plaintiffs in the railroad erecting shop area at times in which Nicolet's products have been identified to be present (see, e.g., the affidavit of William C. Humphreys) to require full development of this material issue of fact as to asbestos exposure at trial.
Nicolet's motion for summary judgment based on lack of product identification as to Rockhill is GRANTED. Rockhill's presence in the repair shops was too limited to create a material issue of fact as to asbestos exposure. In addition, there is no evidence that Rockhill was exposed to any Nicolet products in the cabs of the locomotives while working as an engineer.
Micolet's motion for summary judgment based on lack of product identification as to Pedigo is moot based on my finding that his action is time-barred.

7.

Motion in Limine to Exclude Evidence of Exposure to Asbestos-Containing Products Installed in Buildings or Fixtures
Based on Virginia Code § 8.01-250 and Cape Henry Towers, Inc. v. National Gypsum Company, 229 Va. 596, 331 S.E.2d 476 (1985), no evidence will be admissible as to asbestos products which were incorporated into structures which are part of the real estate more than five years before Plaintiffs filed suit.

8.

Motion in Limine to Exclude Evidence of Cancer Risks
Evidence of the risk of cancer will be admissible, in accordance with this Court's Order of March 28, 1985. The Court will consider limiting instructions as to whether the evidence is admissible only for damage purposes, i.e., mental anguish, or whether it will also be admissible on the adequacy of warning issue.

9.

Motion in Limine to Exclude Photographs
With proper foundation, the photographs of the railroad shops will be admissible for illustrative purposes. The pictures will not be mentioned in opening statements or shown to the jury until the court has ruled that a proper foundation has been established.

10.

Motion in Limine to Exclude Vials of Dust Particles
With proper foundation (including proof that accepted scientific procedures were followed in collecting and assembling the exhibit), and a showing of relevancy, the vials will be admissible. The vials will not be mentioned in opening statements or shown to the jury until the court has ruled that a proper foundation has been established.

11.

Motion in Limine Regarding Manufacturing Processes and Compensation Claims
The Court cannot make a ruling on this motion until the relevancy or lack thereof of evidence of the manufacturing processes used by the Defendant manufacturers and of compensation claims made by employees of the Defendant manufacturers is demonstrated at trial. Once this is done, the Court will make a determination under Rule 403 of the Federal Rules of Evidence as to the admissibility of the evidence.