## CIRCUIT COURT OF ESSEX COUNTY

Hugh McHenry

v.

Mary E. Adams et al.

January 12, 1993

BY JUDGE JOSEPH E. SPRUILL, JR.

We have for consideration pleas of the statute of limitations filed by all defendants in this case.

The plaintiff, Hugh McHenry, seeks compensatory and punitive damages for emotional distress allegedly incurred as a result of a defective vault used in the burial of his mother. He has brought suit against the owner (Mary Adams) and manager (Brooks) of the funeral home; the owners (Mr. and Mrs. Stevens) of the company that manufactured the vault; and two employees of the funeral home (Anthony Adams, Mary's son, and Ambrose Bailey) who participated in arrangements for the funeral.

In his Motion for Judgment, filed August 9, 1990, plaintiff alleges negligence, breach of warranty, and intentional misrepresentation (fraud) against all defendants. He also alleges violations by all defendants of the Virginia Consumer Protection Act.

On April 15, 1988, plaintiff's mother died. Her funeral on April 19, 1988, was conducted by C. W. Edwards Funeral Home, owned by Mary Adams. Stevens' company provided a Citation Model burial vault purchased by plaintiff through the funeral home. Following the burial, at McHenry's request, Stevens provided a vault purchase agreement guaranteeing that the vault would protect the body and contents within from damage caused by water leakage. The pleadings alleged that "over the next two years following the sealing and burial, the plaintiff noticed large holes in the ground beside the grave and flies coming from inside the holes." On March 20, 1990, the plaintiff had

the body exhumed, and it was discovered that the vault leaked and water was in the casket, giving rise to plaintiff's injuries.

### 1. *Which is the applicable statute of limitations?*

Although the primary issue here is when the cause of action accrues, it is necessary first to determine the applicable statute of limitations. The defendants contend this is a personal action for which no limitation is otherwise prescribed, and therefore, Virginia Code § 8.01–248 applies requiring that the action to be brought within one year after the right to bring such action has accrued. They argue that there was no personal injury to the plaintiff here but rather an injury to the plaintiff's right to bury his mother properly.

Thus, the question is whether the plaintiff has sustained "personal injuries" within the meaning of § 8.01–243 which provides for a two-year period within which to bring suit. If he has not, § 8.01–248 must govern.

The Supreme Court has held that the latter statute applies to cases of wrongful discharge, malicious prosecution, defamation, and claims involving special education programs. In none of these cases is the plaintiff personally injured; rather, there is in each some deprivation of an entitlement which results in damage in one form or another. For example, one has a right or entitlement not to be defamed or maliciously prosecuted. A violation of that right gives rise to a cause of action. By analogy, one has the right to bury the dead properly and with dignity. These types of actions seem fundamentally similar in principle, and it would seem illogical to impose a one-year limitation in one case and not the other.

The Supreme Court, in *Sanford v. Ware*, 191 Va. 439 (1950), recognized that the right to bury and preserve the remains of a dead body is a quasi-property right. There, it was held "an action *ex delicto* will lie against the wrongdoer for the unlawful invasion of a near-relative's rights with respect to a dead body, such as committing an act of indignity upon it or for a breach of duty in respect to it."

The plaintiff's injuries here are not to his person in the sense that he has sustained a direct personal injury. Rather, he has suffered an unlawful invasion of his right to afford his mother a proper burial, a right first recognized as such in *Sanford*. The indignities resulting from this invasion have caused the plaintiff emotional distress.

The Court therefore concludes that Virginia Code § 8.01–248 is the applicable statute of limitations in this case, requiring the filing of the action within one year after the right to bring such action has accrued.

## 2. *When did the cause of action accrue?*

This burial occurred April 19, 1988. For two years thereafter, according to the Motion for Judgment, plaintiff noticed holes and flies at the grave site, and on March 20, 1990, he had the remains exhumed. On August 9, 1990, this action was filed.

The plaintiff advances several theories of recovery. In tort or products liability actions, the statute runs from the time of injury. In actions for fraud or mistake, the cause of action accrues when such fraud or mistake is discovered or should have been, in the exercise of reasonable diligence. Virginia Code § 8.01–249. (The plaintiff argues in his memorandum that § 8.01–243 and § 8.01–249 *extend* the statute of limitations in actions based upon fraud. The extension set forth in § 8.01–243(C)(2) applies only in actions for malpractice against a health care provider. Section 8.01–249 provides for the time of accrual, not extension of such time.)

Thus, the questions are: (1) when did the plaintiff sustain injury; and (2) when should any fraud or mistake have been discovered in the exercise of due diligence.

Plaintiff's suffering appears to have evolved through three stages. The first was bereavement over his mother's death. The second phase began when he noticed the holes and flies at the grave on or about July 15, 1988, and for the first time realized something "was wrong." (See page 49 of plaintiff's October 5, 1992, deposition.) His grief at that time intensified. (*Id.* at p. 222.) Thereafter, the exhumation in March, 1990, triggered the third stage, wherein his then existing anguish was further aggravated.

No right of action accrues until the plaintiff is hurt. *Locke v. Johns-Manville Corp.*, 221 Va. 951 (1981). Injury means "positive, physical or mental hurt."

The plaintiff here testified that upon seeing the holes and flies at the gravesite in July, 1988, his emotional problems began and intensified. He stated that seeing the flies around his mother's grave made his condition "a lot worse." This testimony is corroborated in the deposition testimony of the plaintiff's son. Of course, these problems were exacerbated when the remains were exhumed, but the plaintiff says his

mental condition began to deteriorate when he observed the condition of the gravesite in July, 1988.

In *Caudill v. Wise Rambler*, 210 Va. 11 (1969), the Supreme Court held:

> Where an injury, though slight, is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy therefor, the statute of limitations attaches at once. It is not material that all the damages resulting from the act should have been sustained at that time, and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. p. 14.

The plaintiff is bound by his deposition testimony; such testimony indicates his emotional distress intensified in July, 1988; therefore, his cause of action is deemed to have accrued as of that time. From that point forward, plaintiff had a "legally provable injury." *See, Locke v. Johns-Manville Corp.*, 221 Va. 951 (1981).

The plaintiff's memorandum states that while plaintiff "may have had some fears and mental discomfort" prior to the disinterment, the injuries for which he seeks to recover accrued solely after March 20, 1990. This assertion contradicts plaintiff's testimony. Plaintiff states that as of July, 1988, he knew something "was wrong." Even though he may not have known then what he knew after the vault was unearthed, he knew enough to be suspicious, to solicit the aid of various agencies, and what he knew or suspicioned was enough to intensify his emotional distress. To adopt plaintiff's argument on this point would be contrary to the holding in *Caudill* and *Locke*.

Plaintiff further argues defendants must establish with certainty that the flies and holes were the result of water leaking into the vault. I disagree. It is enough that plaintiff assumed this to be the case, and this assumption caused him the trauma of which he complains.

Plaintiff relies on *Louisville and Nashville Railroad v. Saltzer*, 151 Va. 165 (1928). There the Supreme Court held "whenever any injury, however slight it may be, is complete at the time the act or omission is completed, the cause of action then accrues." In *Saltzer*, the plaintiff's injury came 27 years after the channel was changed. Here, it came when plaintiff observed the holes and flies.

The crucial question here, as in *Locke*, is when was the plaintiff hurt. He himself provides the answer in his deposition.

With reference to the plaintiff's claims of fraud, in his pre-trial deposition, he states: "I didn't find out until July 15 what was wrong." (See page 49 of the October 5, 1992, deposition.) It was subsequent to this date that the plaintiff began his various reports to agencies and officials in a vain attempt to correct the problem. The import of the plaintiff's deposition testimony is that he realized there was a problem as of July 15, 1988. This acknowledgment indicates that he knew then, or should have, that the vault was not functioning as expected.

Pursuant to Virginia Code § 8.01–243, every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues. We have found that this cause of action accrued as of July 15, 1988. We have also concluded that § 8.01–248 is the applicable statute, prescribing a one-year time limitation, but even if the two-year statute provided for in § 8.01–243 were applicable, we find that the plaintiff's claim is time-barred.

For the foregoing reasons, the pleas of the statute of limitations are sustained.