Present:  Hassell, C.J., Lacy, Keenan, Kinser, Lemons, and
Agee, JJ., and Russell, S.J.

BETHEL INVESTMENT COMPANY                    OPINION BY
                                   SENIOR JUSTICE CHARLES S. RUSSELL
v.  Record No. 060043                    November 3, 2006

CITY OF HAMPTON

             FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                      Louis R. Lerner, Judge

     This appeal requires us to consider whether a party to

litigation in which the statute of limitations is at issue is

entitled to a jury trial upon the preliminary issue of fact as

to when the statute began to run.

                        Facts and Proceedings

     In the mid-1990's, the City of Hampton (the City) made

plans for the development of a 470-acre industrial and

commercial park as an enhancement to its tax base.  A part of

this plan entailed filling in an area then classified as

wetlands by the U.S. Army Corps of Engineers (the Corps).  The

City and the Corps entered into an agreement whereby the City

would mitigate this loss of wetlands by converting a 20-acre

parcel of uplands owned by the City in another location (the

mitigation parcel) into wetlands.  Pursuant to the agreement,

the City, in November 1998, constructed two weirs or "check

dams" in a natural stream running through the City's

mitigation parcel.  The City also constructed berms to contain

rainfall within the mitigation parcel.  These measures

ultimately converted the mitigation parcel into wetlands meeting the Corps' criteria.[1] The original weirs leaked, however, and had to be rebuilt in order to satisfy the Corps. The final rebuilding was completed in the fall of 2001.

Bethel Investment Company (Bethel) owns six contiguous parcels of land, zoned for residential development, adjacent to the City's mitigation parcel. In 1992, Bethel employed a "wetlands consultant" to examine all of its property to determine how much, if any, of its land would be classified as wetlands within the criteria established by the Corps. The consultant opined that more than 90 percent of Bethel's acreage was upland, not wetland. In 1996, Bethel sent a written protest to the Corps, with a copy to the City, opposing the proposed conversion of the City's mitigation

---

[1] Bethel cites 33 C.F.R. § 328.3(b)(2004) for the proposition that to be regulated as a wetland, an area must be "inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions." The City explained that the test applied by the Corps requires that the water table be raised to a level whereby ground water would be within 12 inches of the surface of the land for 28 consecutive days during the growing season, approximately March through October. Witnesses testified that the Corps would monitor test wells for ten years to determine whether its wetlands criteria were met, and in determining "normal circumstances," excessively wet years and excessively dry years would be disregarded. 1998 and 1999 were described as excessively wet years.

parcel into wetlands because of the anticipated effect on Bethel's adjacent property.

On June 14, 2004, Bethel filed this action at law against the City, claiming $10,000,000 damages, alleging that the City's construction on the mitigation parcel had raised the water table on Bethel's property such that over 100 acres of it had been converted from uplands into economically undevelopable wetlands. The motion for judgment contained counts for inverse condemnation, continuing trespass, continuous private nuisance, diversion of surface water and negligence.

The City's responsive pleadings denied that Bethel had suffered any damage, but asserted that if it had, Bethel's claims were barred by the applicable statutes of limitations and by Bethel's failure to give the City notice of its claim, as required by Code § 8.01-222, within six months after its cause of action had accrued. The City contended that this section barred Bethel's claims sounding in negligence, that the inverse condemnation claim was subject to a three-year statute of limitations, and that the claims for damage to property were subject to a five-year statute of limitations. The City asserted that all of Bethel's claimed causes of action had accrued more than five years before this action was

3

filed, which was outside all of the applicable limitation periods.

Bethel contended that its causes of action accrued when its previously developable uplands were converted into economically undevelopable wetlands in 2004 by reason of the City's actions, and not before. This, Bethel argued, was a disputed issue of fact upon which it was prepared to offer expert testimony and requested trial by jury.

The trial court heard argument on these questions, including Bethel's jury demand, heard some evidence, and took the case under advisement. The court then issued a letter opinion ruling that "Plaintiff's claims arose more than five years before Plaintiff filed the Motion for Judgment," sustaining the City's pleas of the statute of limitations and motion to dismiss under Code § 8.01-222, and dismissing the motion for judgment. The court's opinion made no mention of Bethel's assertion of its right to a jury trial on the issue of the time its causes of action had accrued. Bethel moved the court to reconsider, but that motion was denied and the court entered an order dismissing the motion for judgment with prejudice. We awarded Bethel an appeal.

## Analysis

Bethel asserts four assignments of error: (1) That the trial court ascertained that Bethel's causes of action had

4

accrued more than five years before suit was filed without any evidence from the City as to when the damage to Bethel's property first occurred; (2) that the court deprived Bethel of its right to trial by jury of the issue as to when the damage occurred; (3) that the court failed to view the facts and inferences before it in the light most favorable to Bethel; and (4) that the court erred in barring Bethel's right to recover damages occurring within the five years preceding the filing of this action. We consider the first and second assignments of error to be dispositive of this appeal.

The Constitution of Virginia, art. I, § 11, provides in pertinent part: "That in controversies respecting property, and in suits between man and man, trial by jury is preferable to any other, and ought to be held sacred."[2] This provision is not applicable to proceedings in which there was no right to jury trial when the Constitution was adopted, such as ordinary suits in chancery, but it is clearly applicable to common-law actions seeking to recover damages. Stanardsville Vol. Fire Co. v. Berry, 229 Va. 578, 583, 331 S.E.2d 466, 469 (1985).

---

[2] This sentence still resounds with George Mason's 18th Century language and is very close to the original. In the "Declaration of Rights made by the Representatives of the good People of Virginia," unanimously adopted June 12, 1776, it differs from the present Constitution only in that "trial by jury" appears in the original as "the ancient trial by jury." See generally 1 A. E. Dick Howard, Commentaries on the Constitution of Virginia 244-45 and n. 303 (1974).

5

The Virginia Constitution guarantees that a jury will resolve disputed facts, and that has been the jury's sole function from the adoption of the Constitution to the present time. Speet v. Bacaj, 237 Va. 290, 296, 377 S.E.2d 397, 400 (1989). Code § 8.01-336(A) provides that the constitutional right of trial by jury "shall be preserved inviolate to the parties." Subsection (B), which follows, provides that in any action at law for the recovery of any sum greater than $100, the case may be tried without a jury "unless one of the parties demand[3] that the case or any issue thereof be tried by a jury." (Emphasis added.)

In Southern Railway Co. v. Watts, 134 Va. 503, 114 S.E. 736 (1922), we were presented with questions nearly identical to those now before us. There, the defendant railway company had constructed a fill that diverted a creek on the company's own land. The partial obstruction caused by this diversion resulted in an accretion of "sand and dirt" in the bed of the stream at and above the point of diversion, which gradually increased and extended back up the stream. Ultimately, the accumulation resulted in flooding damage to the lands of the plaintiff, upstream from the railroad's land. The defendant contended that the damage of which the plaintiff complained

---

[3] A 2005 amendment, not pertinent to this appeal, changes "demand" in this sentence to "demands." 2005 Acts ch. 681.

6

had arisen when it completed the construction of its fill, which occurred more than five years before the action was filed, and filed a plea of the statute of limitations. The plaintiff contended that his cause of action did not accrue until his land suffered damage as a result of the defendant's construction, which was within the five-year period. We held that the question of when the first actual damage resulted in the injury complained of was an issue of fact for determination by the jury. We further held that the defendant bore the burden of proof upon that issue. Id. at 508-11, 114 S.E. at 737-38. In the related case of Southern Railway Co. v. Leake, 140 Va. 438, 125 S.E. 314 (1924), we were urged to depart from our holdings in Watts, but refused to do so.

Here, Bethel contends that the damage to its property occurred, and the statute of limitations began to run, in 2004, when its property became undevelopable wetland within the criteria applied by the Corps. The City, on the other hand, contends that whatever damage Bethel's land might have suffered occurred no later than March, 1999, when a witness stated that he had seen surface water backed up from the City's mitigation parcel in a ditch that extended partially into Bethel's land. The issue of the time at which Bethel's land first suffered damage as a result of the City's acts was one of disputed fact. Bethel, having demanded it, was

7

entitled to a jury trial of that issue, and the trial court erred in denying it.

Nevertheless, we will not remand the case for a jury trial of that issue because the City, which submitted its case to the trial court on that issue,[4] failed entirely to present evidence sufficient to support the trial court's finding.

The City's evidence consisted of photographs, maps, and the testimony of a single witness who stated that he had visited the City's mitigation parcel sometime in March 1999, after the City had completed its initial construction of the weirs, and had observed water backed up into a drainage ditch. Asked if this ditch extended into Bethel's property, he stated that he "believe[d]" that it extended into a "small portion of it." He based his belief on "the City of Hampton's survey department's line that they kept." Because drainage ditches exist for the purpose of carrying surface water away from adjacent land in order to prevent flooding, we cannot say that

---

[4] The City contended that the trial court could decide the issue without a jury if there were no material issue of fact in dispute and that its evidence would satisfy the court that "there's no material factual dispute here." The court ruled that it would hear the evidence and determine whether this "is indeed a jury issue." The court then heard the evidence, took the case under advisement, and the following day issued its letter opinion, making the factual finding that the plaintiff's cause of action had accrued more than five years before the motion for judgment was filed.

the mere presence of water in such a ditch is, in itself, injurious or damaging to the land and there was no further evidence from which injury or damage could be inferred.  The City presented no additional evidence to support its contention that the cause of action had accrued more than five years before the motion for judgment was filed.  The City bore the burden of proof on that issue, Louisville & N. R. Co. v. Saltzer, 151 Va. 165, 172, 144 S.E. 456, 458 (1928), and failed to carry it.  Because the evidence supporting the trial court's finding was insufficient as a matter of law, the City is not entitled to relitigate that issue on remand.[5]

Conclusion

Because the trial court erred in sustaining the City's affirmative defenses based on the statutes of limitations and Code § 8.01-222, we will reverse the judgment appealed from and remand the case for trial upon all the issues raised by the motion for judgment.

Reversed and remanded.

---

[5] Code § 8.01-222 is limited by its terms to claims sounding in negligence.  It requires that notice of the claim be given to a city or town "within six months after such cause of action shall have accrued."  Consequently, the issue of fact as to when the damage first occurred, and the cause of action accrued, is common to all three limitation periods asserted by the City.

9