## CIRCUIT COURT OF FAIRFAX COUNTY

Lynn Painter

v.

Sadhna N. Singh et al.

March 12, 2007

Case No. CL-2006-496

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before me on Plaintiff's Motion for Reconsideration of my ruling granting the Defendant's plea in bar. For the reasons that follow, the Motion for Reconsideration is denied.

Defendant filed her plea in bar in this matter on August 18, 2006. On September 11, 2006, counsel appeared before a calendar control judge to request a date for an evidentiary hearing on the plea in bar. A hearing date of October 19, 2006, was provided. On October 19, 2006, the hearing was held without a jury. Following the hearing, by letter of November 13, 2006, I granted the plea in bar. An order incorporating that opinion letter and dismissing the case was entered on December 1, 2006. In response to and in order to fully consider Plaintiff's Motion to Reconsider, I stayed and later vacated the December 1, 2006, order.

Plaintiff contends that she was denied her right to trial by jury on the plea in bar and, in support of her motion, cites *Bethel Investment Co. v. City of Hampton*, 272 Va. 765, 636 S.E.2d 466 (2006). I find that the instant matter is inapposite to *Bethel Investment*.

The court's file indicates that, at the appearance before the calendar control judge on September 11, 2006, the parties advised the calendar control judge that the matter would involve an evidentiary hearing of about two hours

in length. The calendar control judge set it for October 19, a Thursday. That is consistent with this court's practice of allowing counsel to schedule brief non-evidentiary motions for Fridays, and requiring them to schedule longer evidentiary motions through calendar control for other days of the week. By letter of September 18, 2006, to counsel, the date of the hearing and an estimated length of two hours were confirmed. Neither the calendar control form nor the letter reference any request by counsel for a jury. At the October 19, 2006, hearing, no jury was present. No inquiry was made by counsel at that time about the absence of a jury. The court heard opening statements, heard from multiple live witnesses, was given deposition transcripts to read as additional evidence, and heard closing argument.

Only during closing argument did the issue of a jury arise. During his closing argument, Plaintiff's counsel contended that there was conflicting evidence about what the Defendant had or had not told the Plaintiff and that "that's an issue for the jury to resolve or the trier of fact at trial." There then followed a colloquy between the court and Plaintiff's counsel on the record. In essence, in response to the court's questions about why a jury had not been requested, Plaintiff's counsel responded that, in a plea in bar, the court could only rule on factual issues upon which reasonable people could not disagree, that contested issues of fact must be decided by the trier of fact (in this case, a jury) at trial, and that having a jury at both a plea in bar and at trial was burdensome for all concerned.

Plaintiff's counsel's suggestion that a plea in bar can only be decided by a judge when there are no issues of disputed material fact and that disputed factual issues must be reserved for trial is simply incorrect. "A plea in bar is a defensive pleading that reduces the litigation to a single issue." *Kroger Co. v. Appalachian Power Co.*, 244 Va. 560, 562, 422 S.E.2d 757 (1992). Its very purpose is to decide factual issues whose determination, when applied to certain legal principles, may end or limit pending litigation. *Nelms v. Nelms*, 236 Va. 281, 374 S.E.2d 4 (1988). Those factual issues in a plea in bar can be decided by a judge or by a jury. Ms. Painter was free to demand a jury trial on the plea in bar. Va. Code § 8.01-336(B) holds that in any action at law, "unless one of the parties demands that the case *or any issue* thereof be tried by a jury . . . the whole matter of law and fact may be heard and judgment given by the court." (emphasis added). Jury trials on pleas in bar are not a rarity in this court.

Plaintiff did not request a jury when the plea in bar was set for a hearing at calendar control. Plaintiff did not request a jury on the morning of the hearing, or ask why one was not present. Plaintiff did not even request a jury in her responses to the court's questions during closing argument. Rather,

Plaintiff continued to misapprehend the purpose and parameters of a plea in bar hearing. It is not, as Plaintiff seems to contend, a motion for summary judgment by another name. See *Stockbridge v. Gemini Air Cargo*, 269 Va. 609, 618, 611 S.E.2d 600 (2005) (holding that a motion for summary judgment is a remedy only available when no material facts are in dispute). Conversely, a plea in bar is an opportunity for disputed facts to be resolved by a trier of fact, if doing so might end the litigation as a result of a legal principle. *Nelms*, 236 Va. at 289.

In her memorandum filed in opposition to the plea in bar, Plaintiff did contend that the plea in bar should be denied "because the Defendant cannot establish that February 27, 2003, was the date of discovery of the object complained of from the undisputed facts presented here. At best, the Defendant raises an argument for a plea in bar to the statute which can only be resolved by a jury and not as a matter of law, depending in material part upon determinations of the respective credibility of the Plaintiff and defendant Singh by a jury." Even this contention in Plaintiff's brief does not constitute a demand for a jury on the plea in bar. Rather, it once more demonstrates a misunderstanding of the parameters of such a hearing.

Having not requested a jury, either in writing or orally at the hearing itself, Plaintiff waived her right to have a jury decide the factual issues raised at the plea in bar. Her Motion for Reconsideration is denied.