Present:  All the Justices

FERGUSON ENTERPRISES, INC.

v.  Record No. 171192

F.H. FURR PLUMBING, HEATING AND
AIR CONDITIONING, INC.

OPINION BY
JUSTICE CLEO E. POWELL
August 1, 2019

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Tracy Calvin Hudson, Judge

Ferguson Enterprises, Inc. ("Ferguson") appeals from the judgment of the Circuit Court of Prince William County ("circuit court") denying Ferguson's motion to set aside a jury verdict in favor of F.H. Furr Plumbing, Heating, and Air Conditioning, Inc. ("Furr"). Ferguson argues that even after the circuit court admitted that it erroneously ruled that it had previously decided Ferguson's plea in bar of the statute of limitations, it still committed reversible error by ruling (1) that Ferguson waived its statute of limitations argument when it did not refile a plea in bar after Furr filed a second amended complaint; (2) that if there was no waiver for failing to refile the plea in bar, Ferguson in any event waived the issue by failing to docket the plea in bar for a hearing; and (3) that even if the statute of limitations issue had survived to trial, the proposed jury instructions tendered on that issue were not a proper statement of the law. For the following reasons, we will reverse the judgment of the circuit court finding that the statute of limitations issue was waived and remand on the limited issue of whether the statute of limitations barred a portion or all of Furr's fraud claims.

## I. BACKGROUND

Ferguson distributes Trane-manufactured HVAC equipment in the Mid-Atlantic Region. To obtain competitive pricing for some of its customers, Ferguson negotiated with Trane to provide rebates, known as "claim-backs," if Ferguson sold Trane's equipment at a specific discounted price, known as a "contract price." To obtain a claim-back, Ferguson provided written confirmation to Trane that the resale price did not exceed the contract price. Ferguson specifically negotiated with Trane to provide contract pricing for one of its customers, Furr. Furr began purchasing Trane-manufactured equipment from Ferguson for retail installation and sale in 1995.

In April 2013, Furr initiated this lawsuit against Ferguson asserting claims of fraud, constructive fraud, unjust enrichment, money had and received, and breach of contract. In its first amended complaint, Furr alleged that Ferguson was selling equipment to Furr above "contract prices" and then submitting falsified claims to Trane for claim-backs. Furr contended that Ferguson represented that it was receiving the "special prices Trane had approved for it to charge to [Furr], that the prices charged were the lowest prices [it] could charge . . . , and that it was passing on to . . . Furr the pricing concessions it had received from Trane." Furr argued that these misrepresentations were intended to induce Furr to buy Trane-manufactured equipment from Ferguson, and that Furr relied on these misrepresentations to enter into such purchase agreements.

Ferguson filed a demurrer and plea in bar, contending, among other things, that many of the damages sought on the fraud claims were barred by the two-year statute of limitations. Ferguson's plea in bar to the statute of limitations stated that: "[Furr] therefore cannot make out a claim for fraud predicated on conduct that occurred prior to April 19, 2011. Nevertheless, [Furr]

repeatedly allege[d] that the conduct giving rise to its claims began ***more than fifteen years ago*** [(i.e. 1995)]."

The circuit court granted the demurrer as to Furr's non-fraud claims, but expressly "declined to rule on the special pleas" after concluding the issue would "require fact-finding after an evidentiary hearing." The court gave Furr 21 days to file a second amended complaint for the non-fraud claims, but required that the fraud claims be restated "verbatim." The order stated that Ferguson could file "responsive pleadings" to any new claims, but directed Ferguson to "file an [a]nswer" to the fraud claims. Furr filed a second amended complaint in July 2014, with the same fraud claims and new non-fraud claims. Ferguson demurred to the new non-fraud claims. Ferguson did not refile a plea in bar as to the statute of limitations for the fraud claims, but filed an answer as directed by the circuit court. The circuit court again granted Ferguson's demurrer to the non-fraud claims, and the case proceeded on Furr's fraud claims only.

In April 2017, the circuit court held a nine-day jury trial. At the close of Furr's evidence, the circuit court granted Ferguson's motion to strike the constructive fraud claim, but denied it as to the actual fraud claim. Ferguson's renewed motion to strike the actual fraud claim at the close of the evidence was also denied.

The parties then presented their proposed jury instructions to the circuit court. Ferguson objected to Furr's proposed Jury Instruction 10 (duty to investigate), contending that the burden of proof shifted to Furr to prove that it could not have discovered the fraud before April 19, 2011, because it was apparent on the face of Furr's second amended complaint that the two-year statute of limitations had expired at the time of filing. In response to the objection, the circuit court stated: "I think we're talking apples and oranges. This is not related to the plea in bar which I've overruled. And you're not suggesting that I submit the plea in bar to the jury, are

3

you?" Counsel for Ferguson responded, "We are, Your Honor, we are raising the statute of limitations defense as to all of the so called alleged misrepresentations that [Furr] alleges happened from 2002 until more than two years before their complaint was filed." To which, the circuit court stated:

> I overruled the plea in bar at least a year ago and [Ferguson] did not request a jury to determine the relative facts at that time. We decided it on argument. And today, I've overruled the motion to strike which raised it again. So, if we're working our way around to letting the jury now decide facts that would determine a plea in bar, I'm sorry, I just don't think we're on the same page. I think that, that ship has sailed. I ruled on that before.

Ferguson subsequently proffered proposed Jury Instruction N, which provided:

> Claims based on statements that were made to [Furr] before April 19, 2011 are barred by the statute of limitations unless [Furr] proved by a preponderance of the evidence that, even if [Furr] had exercised due diligence, [Furr] could not have discovered the alleged fraud before April 19, 2011.

The circuit court refused to give this instruction, again stating that it already "ruled on the plea in bar." The circuit court also refused additional proposed Jury Instruction O and proposed Jury Question F proffered by Ferguson, both relating to the statute of limitations defense. Jury Instruction O, as proposed, provided the definition of due diligence:

> "Due diligence" is the measure of prudence that is properly to be expected from, and ordinarily exercised by, a reasonable and prudent corporation under the particular facts and circumstances of the case.

Similarly, as proposed, Jury Question F relating to the statute of limitations had yes or no options for the jury to select in response to the question:

> Did F.H. Furr prove by a preponderance of the evidence that, even if F.H. Furr had exercised due diligence, it could not have discovered the fraud before April 19, 2011?

Following deliberations, the jury returned a $3 million verdict in favor of Furr.

4

Ferguson moved to set aside the verdict on multiple grounds. As relevant to this appeal, Ferguson argued that the circuit court erred when it denied Ferguson's proposed jury instructions relating to the statute of limitations defense. Ferguson pointed out that the circuit court's ruling was based upon the mistaken belief that it had already overruled Ferguson's plea in bar on the statute of limitations when it had actually declined to do so after concluding that an evidentiary hearing was necessary. A hearing on the motion was heard on June 1, 2017. At that hearing, the circuit court addressed the plea in bar issue in detail, stating:

> On June 10, 2014, the [c]ourt overruled demurrers to counts one and two. The [c]ourt sustained demurrers to counts three, four and five of the first amended complaint and granted [Furr] leave to file a second amended complaint in which counts one and two fraud and construct[ive] fraud must be included verbatim. The order states that the [c]ourt "declined to rule on the special pleas, which require fact finding after an evidentiary hearing." [Furr] then filed its second amended complaint on July 1, 2014. On July 22, 2014, Ferguson filed demurrers and an answer to the second amended complaint. Ferguson neither refiled nor incorporated the special pleas filed in response to the original complaint or the first amended complaint. I acknowledge that I was mistaken when I stated at trial that I had overruled the special plea previously. In reviewing this file and the file in the companion case, I discovered that it was the plea in bar in the companion case . . . Furr's plea in bar in that case that was actually overruled. And so that's that.

Following argument, the circuit court made several alternative rulings in support of the verdict against Ferguson. First, the circuit court ruled that Ferguson had waived the statute of limitations issue by failing to refile or incorporate its plea in bar in response to the second amended complaint. Next, the court ruled alternatively regarding Ferguson's failure to docket the special plea that

> [e]ven if the special pleas had survived the filing of the second amended complaint, at no time over the next two and a half years did Ferguson attempt to raise the special pleas or put them before the [c]ourt for a hearing. It is incumbent on a party asserting a claim or defense to bring it to the [c]ourt's attention and request a

5

timely decision. If the failure to refile the pleas did not constitute a waiver the failure to docket them for a hearing did.

Finally, the court addressed Ferguson's proposed jury instructions stating:

> Even if the special plea was properly still before the [c]ourt . . . [I]nstruction [N] [im]properly sought to shift the burden of proof to [Furr] on the issue of when the fraud should've been reasonably discovered. It was not apparent from the face of the second amended complaint that the statute of limitations had expired on the fraud claims. The burden of proof on this affirmative defense remained with Ferguson and [I]nstruction [N] was not a proper statement of the law as applied to the facts of this case. Therefore, the plea was neither properly before the [c]ourt at the time of trial, nor was the correct instruction tendered by Ferguson.

The circuit court denied Ferguson's motion to set aside the verdict and entered judgment affirming the jury's verdict in favor of Furr. Ferguson appeals arguing that each basis for the circuit court's ruling was in error. We agree.

## II. ANALYSIS

Ferguson argues that the circuit court committed reversible error by refusing to set aside the jury verdict. The essence of the argument is that the refusal was the culmination of several errors that began with the circuit court's mistaken belief that it had made a pretrial ruling denying Ferguson's statute of limitations defense. That error caused the court to erroneously refuse Ferguson's proffered jury instructions. Ferguson argues that post trial the court further compounded its error by making several erroneous rulings as to waiver.

Ferguson summarizes the issue as follows:

> This appeal presents a simple and straight forward question: Did the circuit court reversibly err when it refused to allow [Ferguson] to present its statute-of-limitations defense . . . to the jury based on the mistaken belief that it had previously overruled Ferguson's special plea of the statute of limitations when in fact it had not?

6

Furr appears to agree in that it states, "[t]his is a one-issue appeal concerning [Ferguson's] claim that it was improperly denied a jury hearing on its alleged statute of limitations plea in bar."

We agree that this question goes to the heart of the matter. To address it we must decide whether the circuit court ruled correctly when it held that Ferguson waived its statute of limitations defense by (1) not refiling its plea in response to the second amended complaint and (2) not setting the matter down for a hearing pre-trial.

### A.  Standard of Review

> [W]here the trial court has declined to . . . set aside a jury verdict, the standard of appellate review in Virginia requires this Court to consider whether the evidence presented, taken in the light most favorable to the plaintiff, was sufficient to support the jury verdict in favor of the plaintiff.

*Parson v. Miller*, 296 Va. 509, 523-24 (2018) (citation omitted). "We will not set aside a trial court's judgment sustaining a jury verdict unless it is plainly wrong or without evidence to support it." *Id*. at 524 (citations and quotations omitted).

"Whether to give or deny jury instructions 'rest[s] in the sound discretion of the [circuit] court." *Hilton v. Commonwealth*, 293 Va. 293, 302 (2017) (quoting *Cooper v. Commonwealth*, 277 Va. 377, 381 (2009)). It is "the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless." *Commonwealth v. White*, 293 Va. 411, 420 (2017) (citation and quotations omitted).

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed for any other defect, imperfection, or omission in the record, or for any error committed on the trial.

Code § 8.01-678.

7

B.  Failure to Refile Plea in Bar

Ferguson argues that the circuit court erred in finding that it waived the statute of limitations defense by not filing an additional plea in bar after Furr filed the second amended complaint.  The statute of limitations defense was properly raised in the form of a plea in bar in response to the first amended complaint.  Based on the record before the Court, the circuit court's June 10, 2014 order was very specific as to its requirements.  It required that Furr refile the fraud counts "verbatim" if Furr were to file a second amended complaint.  The same order required that Ferguson file an answer to the existing fraud counts and "if a Second Amended Complaint is filed, responsive pleadings to all additional counts."  The circuit court's order did not require that Ferguson refile any responsive pleadings previously lodged against the fraud counts.  "[A] circuit court speaks only through its written orders."  *Roe v. Commonwealth*, 271 Va. 453, 457 (2006).  Because Ferguson had an outstanding plea in bar filed in response to the previous pleading that had been held over for an "evidentiary hearing" and was not specifically directed to refile its special plea, the circuit court erred in finding that Ferguson waived its plea by not refiling it.

C.  Failure to Request a Hearing

Ferguson also contends that the circuit court erred by ruling that Ferguson's failure to docket the plea in bar for a hearing also waived the issue of the statute of limitations.  While a plea in bar is generally heard pre-trial, it is not always necessary that it be.  Also, there is no requirement that a separate hearing be held to address a plea in bar on the statute of limitations.

"[A] plea in bar is a defensive pleading that reduces the litigation to a single issue, which, if proven, creates a bar to the plaintiff's right of recovery."  *Cooper Industries, Inc. v. Melendez*, 260 Va. 578, 594 (2000) (citations and internal quotation marks omitted).  "The party asserting a

8

plea in bar carries the burden of proof." *Id.* "The issue raised by a plea in bar may be submitted to the circuit court for decision based on a discrete body of facts identified by the parties through their pleadings, or developed through the presentation of evidence supporting or opposing the plea." *Hawthorne v. VanMarter*, 279 Va. 566, 577 (2010). "If the facts underlying the plea in bar are contested, a party may demand that a jury decide the factual issues raised by the plea." *Id. See also*, *e.g.*, Code § 8.01-336(B); *Bethel Inv. Co. v. City of Hampton*, 272 Va. 765, 770 (2006); *Upper Occoquan Sewage Auth. v. Blake Constr. Co., Inc.*, 266 Va. 582, 585-86 (2003); *Kroger Co. v. Appalachian Power Co.*, 244 Va. 560, 562 (1992). "Conversely, if the facts are disputed and no demand for a jury is made, the 'whole matter of law and fact' may be decided by the court." *Hawthorne*, 279 Va. at 578 (quoting Code § 8.01-336(B)).

This proposition is exhibited by our holding in *Bethel*, 272 Va. at 768. There, the defendant City raised pleas of the statute of limitations and the plaintiff requested a trial by jury. The circuit court sustained the pleas of the statute of limitations without submitting the disputed issues to a jury. We reversed, holding that "[t]he issue of the time at which Bethel's land first suffered damage as a result of the City's acts was one of disputed fact. Bethel, having demanded it, was entitled to a jury trial of that issue, and the trial court erred in denying it." 272 Va. at 770. Here, Ferguson raised a statute of limitations defense and Furr demanded a trial by jury under Code § 8.01-336. Since that demand did not specify any limits on the issues on which a jury trial was requested, Ferguson had no obligation under our Rules to make an additional demand. *See* Rule 3:21(c) (providing an opponent the opportunity to file a separate jury demand if the adversary specifies only limited issues in its jury demand). Therefore, Ferguson was entitled to have its statute of limitations defense heard by a jury. This is especially true here where the

9

issue was initially presented to the trial judge for decision and the judge declined to decide the matter because evidence was required.

Even though there are disputed facts underlying the plea in bar, Furr argues that Ferguson is not entitled to a jury trial because, among other things, Ferguson did not request a jury trial. Furr concedes that it requested a jury trial. However, Furr specifically asserts that in order for Ferguson to be entitled to a jury, Ferguson must make its own demand and cannot rely on Furr's request. This is not now, nor has ever been, the law in the Commonwealth. Our statutes do not require duplicate jury demands to preserve the right to a trial by jury. Code § 8.01-336 provides "any demand for a trial by jury . . . shall be sufficient." Thus, Ferguson was not required to file an additional demand for a trial by jury because Furr had already demanded a jury trial as to all issues. Ferguson was entitled to rely upon the demand for a jury trial made by Furr as to all issues in controversy between them. *See*, *e.g.*, *Cram v. Sun Ins. Office, Ltd*, 375 F.2d 670, 675 (4th Cir. 1967).

While Ferguson could have requested the calendaring of a hearing on the plea in bar at some point for a decision on the statute of limitations by the circuit court prior to trial, nothing barred Ferguson from presenting its defense of the statute of limitations to the jury. Indeed, all that is required to raise the affirmative defense of the statute of limitations is that the defense be "specifically set forth in a responsive pleading" as required under Code § 8.01-235. Ferguson "specifically set forth in a responsive pleading" its defense of the statute of limitations. Code § 8.01-235. Thereafter, the jury trial proceeded with both parties eliciting testimony as to when and how Furr became aware of the alleged fraud, which was a key issue supporting Ferguson's statute of limitations defense. The issue of the statute of limitations should have been sent to the jury to decide the factual issues presented in the plea in bar. Accordingly, we hold that at the

time of trial, Ferguson had not waived its statute of limitations defense and was entitled to present its theory of the case to the jury.

## D. Jury Instructions

Having reached the conclusion that the circuit court erred in not permitting Ferguson to present its statute of limitations defense to the jury, we will not address the remaining issue regarding the correctness of the jury instructions proffered by Ferguson and refused by the circuit court. Due to the manner in which the circuit court decided that the jury instructions on the statute of limitations were not proper statements of the law,[*] Ferguson did not have the opportunity at trial to argue whether the instructions were correct statements of the law and/or to proffer other jury instructions supporting its defense of the statute of limitations. *See White*, 293 Va. at 419 (recognizing that "the doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available'" (alteration and citation omitted)). Therefore, we will not address that issue for the first time on appeal.

## E. Issues on Remand

Ferguson asks the Court to reverse the judgment of the circuit court and to enter final judgment on its behalf or, in the alternative, reverse and remand the case for an entirely new trial. However, the only factual issues remaining for determination relate to whether the fraud claims were barred by the statute of limitations. "[U]nless the ends of justice require that the whole case be retried on its merits, the [appellate] court, in its order remanding the case, must designate upon what questions or points the new trial is to be had." *See* Burks Pleading and Practice § 428, at 846 (4th ed. 1952); 1B Michie's Jurisprudence *Appeals and Errors* § 311 (2018); Code § 8.01-

---

[*] At trial, the circuit court rejected the jury instructions because it believed that the plea in bar had been decided. It was not until after the trial that the court opined that the instructions were not a correct statement of the law.

11

678. Accordingly, we will reverse the judgment of the circuit court finding that the statute of limitations defense was waived. We remand for a determination by the jury of the discrete issue of whether the statute of limitations applied to bar a portion or all of Furr's fraud claims consistent with this opinion.

### III. CONCLUSION

For the foregoing reasons, the circuit court erred in not sending the statute of limitations issue to the jury. The case is remanded to the circuit court for a determination by a jury of whether the statute of limitations applied to bar a portion or all of Furr's fraud claims.

*Reversed and remanded*.